*356 OPINION of the Court, by
Judge Owsley.
The administrator of Richards, in the right of his intestate, having obtained against Prior a judgment at law, Prior, to be relieved, exhibited his bill in equity, in which he charges that Richards was indebted to him in his lifetime various demands, some of which he alleges remain yet to be adjusted: and upon some others he has since brought suit, and obtained judgment against the administrator, to be levied out of the estate of the intestate ; and for all of which he claims a setoff against the judgment obtained against him.
The administrator, by his answer, puts Prior upon the proof of his case ; charges that he has fully administered the estate which has come to his hands, and alleges there is outstanding against the estate debts and judgments of superior dignity to those of Prior, more than sufficient to extinguish all demands due the estate 5 and moreover charges the estate to be insolvent.
Upon a hearing the court below dissolved the injunction which had been awarded Prior, and dismissed his bill with cost. To reverse that decree, Prior has prosecuted this writ of error with supersedeas.
*357 The demands sought tó be set off form properly two divisions ; 1st, those upon which no judgment has been obtained in favor of Prior; and 2dly, those resting upon judgments.
With respect to part of the former, as they are not even alleged to be in any manner connected with that upon which the administrator obtained the judgment against Prior, they do not perse form a sufficient cause for applying to a court of equity for relief; but as both parties allege the estate to be insolvent, that we suppose furnishes a good reason for the interposition of the chancellor j and as such the court below should have relieved Prior for so much of those demands as were established by proof.
The evidence we however suppose is not sufficient to warrant a decree for any part of those demands, except that arising upon an assigned bond to Prior.
With respect to the credit claimed by Prior on account of the judgments recovered by him against the administrator, the court below should have given relief, not only for the reasons which made it proper for equity to interpose in relation to the other demands, but moreover as by the judgments his right is evidenced to. have been determined by the legitimate authority, that of itself furnished a sufficient cause for the court to interpose and set off the one judgment against the other. — See 2 Black. Rep. 869.
With respect to the allegation of outstanding debts and judgments against the administrator, it need only be remarked, that there is no evidence in the cause in support of the allegation.
The decree of the court must be reversed with costs, the cause remanded and such proceedings there had as may be consistent with this opinion.