Judge Mills
delivered the opinion of the court.
Dowdal’s executor obtained a judgment against Moody on a bond executed by Moody to Dowdal, the testator, conditioned for the conveyance of a tract of land. To be relieved against this judgment. Moody filed his bill, alledging, as grounds of relief—First, that he had judgments for costs against Dowdal, the testator, in sundry suits and different courts, to a considerable amount, and exhibits in proof extracts from the records:—Secondly, that the testator, Dowdal, for a valuable consideration, had assigned him sundry notes on other persons which he had been unable to collect, and the obligors of which were insolvent; and he prays them to be discounted against the judgment:—And Thirdly, that he had large claims for rent, unliquidated, against Dowdal’s estate, for the use and occupation of the tract of land, which he had bound himself to convey to Dowdal, in the bond on which the judgment at law was obtained; for which rents he prays a discount against the judgment, and alledges the insolvency of Dowdal’s estate. An injunction was accordingly granted.
The executor of Dowdal, in his answer, admits the judgments for costs—presumes that his testator had paid them; but if this was not the fact, professes his readiness now, and at all times, to pay them. He denies any knowledge of the assigned notes—denies the exercise of any diligence to collect them, and also denies the jurisdiction of the chancellor as to them, because the law afforded remedy. He alledges that the claim for rents is unfounded—that Moody had recovered the land of Dowdal in an ejectment—that it was largely improved by Dowdal, it being a forest when he took possession; that the valuable and lasting improvements made by Dowdal were more than sufficient to counterbalance the rets: He denies the insolvency of Dowdal’s estate, *213 and pleads the complainant’s remedy at law in bar of the chancellor’s jurisdiction of this claim also.
A party whose remed is a law will not be relieved by the chancellor.
A party coming into chancery on a case composed of various parts, some of which are proper subjects of relief others not, should have his costs quoad the expenses incurred on the parts properly subjects of relief, and should pay costs as to the residue.
Bibb for appellant, B. Hardin for appellee.
The court below granted relief to Moody as to his judgments for costs; but dissolved his injunction and dismissed his bill as to the residue of his claim, and decreed that he should pay Dowdal’s executor the costs of the suit in chancery. From which decree Moody has appealed to this court.
He cannot complain of the decree which allows him his judgments for costs. He made no proof as to the consideration of the assigned notes—of his exertions to collect them, or of the obligor’s insolvency. His claim to relief on this ground was, therefore, properly refused by the chancellor, not only on account of the want of evidence to establish it, but also because his remedy at law was competent. He has likewise failed to prove the estate of Dowdal was insolvent—and to recover the rents and profits of the land which he had sold to Dowdal and placed him in possession, of which possession he had regained by ejectment, his remedy at law was competent by action of trespass for the mesne profits, in which a jury, the competent and proper authority, could, with more propriety rhan the chancellor, measure and adjust his unliquidated claims. The plea to jurisdiction, as to this claim, was, therefore, properly allowed.
But the assignment of error questions the propriety of the decree of the chancellor in compelling Moody to pay the whole costs of the suit. According to the decision of this court in the case Prior vs. Richards’ adm’r, 4 Bibb, 356, Moody came properly into a court of chancery to be relieved on account of his judgments tor costs. If so, as be substantiated that claim, the chancellor ought to have allowed him the costs of suit. But the costs of all his proceedings ought not to have been allowed him. For the whole of the depositions and surveying was applied to, and arose out of, his claim for rents, which this court is satisfied he could not assert in a court of equity.
The decree must, therefore, be reversed so far, and so far only, as it has decreed the costs against Moody, and the cause must be transmitted to the court below, with directions to enter a decree there in favor of Moody for the costs of suit, except that expended in surveying and taking depositions; and in this court each party must pay his own costs.