EVA C. HUNTLEY v. JOHN R. CLINE, et al.

*Counter-Claim—Tenants in Common—Partition—Warranty.*

1. Even although tenants in common in making partition, execute to each other quit-claim deeds, there is an implied warranty between them that each will make good to the others any loss sustained by an eviction under a superior title.

2. Where a sum is charged on the share of one tenant in common for owelty of partition, he may set up as a counter-claim any damage he may have sustained by having been evicted from a part of his share in the land by a superior title, in an action to enforce the charge against him.

(*Nixon* v. *Lindsay*, 2 Jones' Eq., 230, cited and approved )

CIVIL ACTION tried before *MacRae, Judge,* and a jury, at Spring Term, 1885, of CATAWBA Superior Court.

The plaintiff, in his complaint, alleged that Dowd T. Link died in the county of Catawba, intestate, in the year 1870, seized at the time of his death of a considerable real estate—leaving surviving him his widow Polly Link, and the following children, to-wit: the plaintiff Sarah, who afterwards intermarried with John R. Cline, and Barbara Sigman, to whom the lands descended as tenants in common. That in October, 1873, they agreed that three persons selected by them, should make partition of the said land between them, which was done, and deeds intended to be quit-claims, were executed by each to the others. That upon the partition of the land, the persons selected to make the partition agreed that two hundred dollars was the sum which ought to be paid by Sarah Cline to the plaintiff, in order to make the shares of said Sarah and the plaintiff equal, and it was also agreed that Sarah Cline should pay fifty dollars to Mrs. Sigman for equality of partition. That no part of the two hundred dollars has been paid, and twenty-five dollars of the fifty dollars awarded to Mrs. Sigman is the only amount paid to her.

That the partition was made with the understanding and agreement of all the parties, including the widow Polly Link,

that she was not to claim dower, but was to be supported by John R. Cline, husband of Sarah. That Sarah Cline died in February, 1874, leaving an only child, the defendant Thadeus Cline. That after the death of Sarah, her husband John R. Cline refused to support the widow Polly Link, and she thereupon filed a petition for her dower, which was allowed and allotted to her, embracing one hundred acres of the land allotted to Sarah Cline, including the dwelling house, and the rental value of the land thus covered by the dower was fifty dollars a year.

That the widow enjoyed the said dower from April, 1874, till November, 1880.

These facts were either admitted in the pleadings or found by the jury. The plaintiff demanded judgment against the defendants John R. Cline and T. B. Cline, for the sum of two hundred dollars, with interest on the same from the 28th of October, 1873, and that the same be declared a lien on the land assigned to Sarah Cline, and now in possession of the defendants, and that she have execution therefor, and for other relief.

The defendants, John R. Cline as tenant by the courtesy of the land assigned to his wife Sarah, and Thadeus B. Cline, as her heir-at-law, set up a counter-claim against the defendants' recovery. They allege that it was the understanding and agreement of the parties at the time of the partition, that the home place should be allotted to Sarah, and that she should pay the sums charged thereon for equality of partition, in view of the fact that the widow, Polly Link, had agreed not to claim dower in the land, but that in contravention of such agreement she had obtained her dower, and caused it to be located upon the share of Sarah Cline, and has deprived the defendant John R. Cline of the rental value of the land assigned for dower, amounting to fifty dollars a year for the six years and a half that the widow was in the possession of the same, and they allege that in equity and good conscience the plaintiff and Mrs. Sigman ought to indemnify him for this loss, in proportion to their several interests, and they ask that an account be taken.

Upon the admissions in the pleadings and the facts found by the jury, as above set forth, his Honor rendered the following judgment, to-wit: "It is considered by the Court, that the land allotted to Sarah Cline was charged with $200 in favor of Eva C. Huntley, the plaintiff, and with $50, charged in favor of Mrs. Sigman, in 1874. That the plaintiff's deed to said Sarah should be reformed by striking out the covenants of warranty, which were inserted therein by mistake, and making the same a quit claim. The jury found the facts that by the agreement of the parties, the land allotted to Sarah Cline was to be charged with the sum of $200, in favor of that allotted to plaintiff, and with $50 to that allotted to Mrs. Sigman. That nothing has been paid plaintiff, and $25 only to Mrs. Sigman. The defendants allege, and set up as a counter-claim, that the dower assigned to Polly Link was so laid off as to cover one hundred acres of the land allotted to Sarah Cline—the annual rental value of which was found by the jury to be $50, and the widow, upon the assignment of her dower, took possession of the land assigned her, in April, 1874, and continued in possession thereof until November, 1880, when she died, and that this was an eviction of the defendants by a superior title, and was a breach of the implied warranty obtaining between tenants in common upon a partition, and that they have a cause of action for contribution against the plaintiff and Mrs. Sigman in proportion to the respective values of their shares."

From this judgment, the defendants appealed.

*Messrs. Reade, Busbee & Busbee*, for the plaintiff.
*Mr. F. L. Cline*, for the defendants.

ASHE, J., (after stating the facts). We are of the opinion that the defendants J. R. and T. B. Cline had the right to set up as a counter-claim against the demand of the plaintiff, the value of the rents of the one hundred acres of the share allotted to Sarah Cline from which they had been evicted by the location of the dower upon it.

Although the deeds interchangeably executed between the parties for their several shares in effecting the partition made by the commissioners, were found to be only quit claim deeds, yet in partitions between tenants in common, there is an implied warranty between them that each will make good to the others any loss sustained by an eviction under a superior title. In *Nixon* v. *Lindsay*, 2 Jones Eq., 230, Chief Justice PEARSON held: "In partition of land a warranty is implied because of the privity of estate." To the same effect is *Rogers* v. *Turley*, 4 Bibb, 356; *Morris* v. *Harris*, 9 Gill, 26; and in Washburne on Real Property, 590, we find the doctrine thus announced: " If, after the partition has been made, one of the parties has been evicted of his property by paramount title, the partition as to him is defeated by his eviction, and he may enter upon the shares of the others as if none had been made, and have a new partition of the premises; and if in the case supposed, one co-tenant, after partition, is evicted by paramount title, he is not confined in his remedy to a new partition, but may rely upon his warranty, and recover his recompense for his loss by an action thereon against his former co-tenants." If the eviction, then, gives to the party evicted a cause of action upon the implied warranty, it must follow that they may set up as a counter-claim against the demand of the plaintiff, the sum charged upon their land for equality of partition.

We are, therefore, led to the conclusion that there was error in the adjudications of the Court below, in omitting to give the defendants the benefit of their counter-claim. There should have been a reference to ascertain and adjust the relative right of the several parties. To that end the case is remanded to the Superior Court of Catawba county, and a reference may be had to adjust these rights upon the basis that the land allotted to Sarah Cline, and now in the possession of the defendants, may be charged with the sums respectively charged thereon in favor of the plaintiff and Barbara Sigman, and after the several shares are thus made equal, then that the loss sustained by the defendants in

consequence of the eviction, be estimated, so as to effect a recompense from each of the shares *pro rata*, including that of the defendants, according to the extent of the loss, and such balance or balances as may be ascertained, shall be charged on the share or shares which shall be found liable therefor.. There is error, and the case is remanded so that it may be proceeded with as indicated in this opinion.

Error.                                                    Remanded.