## Spinks v. Raison.

(Decided September 26, 1911.)

### Appeal from Campbell Circuit Court.

Judicial Sale.—A judicial sale is properly set aside, where the person complaining offers an advance bid of 30 per cent and was prevented from bidding by sickness, the sale not having been properly advertised.

FRANK V. BENTON for appellant.

CHAS. M. F. STRIGER and L. J. CRAWFORD for appellee, Anna E. Raison, Executrix.

BRENT SPENCE for appellee, Covington Savings Bank and Trust Co.

C. T. BAKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming:

Charles L. Raison died on February 6, 1910, the owner of a two story brick house in Newport, upon which there was a mortgage for $2,500, and some unpaid interest. His wife, Anna E. Raison qualified as his executor, and brought this suit in the Campbell Circuit Court for

a settlement of the estate. The mortgagee set up its claim, and on its motion on October 4, 1910, the property referred to was ordered sold. The sale was made on October 19th. At the sale the property was bid in by H. C. Spinks for $2,736. Mrs. Raison filed exceptions to the sale and also filed an advance bid of $3,500 for the property. The court sustained the exceptions, and set aside the sale. The purchaser appeals.

The exceptions to the sale were these: The order of the court required the sale to be advertised for fifteen days next preceding the sale at the court house door in Newport and three other public places in the vicinity of the property. One notice was placed at the court house door; but the court house was being repaired and this entrance was blocked so that persons did not pass and the board had to be moved before the end of the fifteen days. The other three notices were placed on trees or poles on the square in which the property stood. No other notices were placed anywhere in the city. Neither Mrs. Raison nor her attorney knew the sale was to be had on October 19th until the morning of that day. Her attorney as soon as he learned it, telephoned to her telling her of the sale and asking her to be present; but she was sick in bed and could not come. She had a message sent to a friend to attend the sale for her, but he did not get the message until after the sale was made and in this way she was prevented from bidding and the property was knocked down to Spinks at his bid.

In view of the fact that the sale was not well advertised; that neither Mrs. Raison nor her attorney knew of the sale; that she was prevented by sickness from being present, and that she offered an advance bid of $3,-500, we do not see that the circuit court erred in setting the sale aside. In a judicial sale the court is the vendor of the property. He sells it as the agent of the parties. The bidder at the sale is simply one who has made an offer for the property until his bid is accepted by the court and the sale confirmed. As to whether or not the sale should be confirmed, the chancellor must exercise his discretion, and where a party is prevented from being at the sale by sickness, and by reason of this the property is sold at a sacrifice, it can not be said that the chancellor abused a discretion in ordering a re-sale of the property, where there is an advance bid of something like 30 per cent.

Judgment affirmed.