## Beavers, et al. v. Nelson

(Decided February 19, 1913.)

## Appeal from Caldwell Circuit Court.

1. Judicial Sales—Purchaser at—When Rule of *Caveat Emptor* Does Not Apply To.—The rule of caveat emptor does not apply to the purchaser at a judicial sale before confirmation, and he will not be required to take the property where the title is defective if he properly presents the matter by exceptions to the sale.

2. Judicial Sales—Purchaser at—Defective Title.—The purchaser makes out a *prima facie* case of defective title when he shows that the title is vested in a third person.

3. Appeal—When Record of Another Suit Cannot Be Considered on Appeal.—The record of another suit, though copied into the transcript, cannot be considered on appeal if it was not considered in the circuit court, or made part of the record.

S. HODGE, for appellants.

MILLER & MILLER, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Melvina Beavers and others brought this suit for the sale of the tract of land described in the petition on the ground that it was indivisible, alleging that the plaintiffs and defendants owned it and were in possession, under a deed made by James Tosh and wife to William J. Tosh who was their father. The court ordered the land sold and Kel Nelson became the purchaser. The sale was reported to the court and Nelson filed exceptions to the sale on the ground that the parties had no title to the land. He filed with his exceptions a deed from the former owner to one Clark Nelson, and averred that Clark Nelson had made no deed to any one for the land; that the title was still in him and that James Tosh who conveyed it to William Tosh had no title to it. The court on hearing the exceptions sustained them and set aside the sale. The plaintiffs appeal.

The rule of *caveat emptor* applies to a judicial sale after it has been confirmed by the court, but the purchaser at such a sale is only a bidder for the property unless his bid is accepted by the chancellor; and the court will not compel him to take the property if the title is defective. It is earnestly insisted that the purchaser could have learned the condition of the title by examining the record before he purchased, and could have known by proper

diligence that the title was in Clark Nelson. But purchasers at judicial sales are not required to examine the title to the property before they bid. Were this the rule many persons would be deterred from bidding. It is the policy of the law to encourage people to bid at these sales so that the property may not be sacrificed, and we have in a number of cases refused to make the purchaser take the property where he showed on exceptions to the sale that the title was defective. (Farmer's Bank v. Peter, 13 Bush, 591; 13 Ky., 594; Humphries v. Wade, 84 Ky., 391; Roberts v. Elliott, 2 Ky., Opin. 71; Carter v. Crowe, 130 Ky., 41.

The purchaser having showed that the title was in Clark Nelson, and the plaintiffs failing to show that Clark Nelson had conveyed the title to Tosh, the purchaser made out a prima facie case entitling him to have the sale set aside. The plaintiffs have filed in this court an additional record which is a transcript of another suit. We have not considered this record, as there is nothing to show that it was considered in the circuit court; but if we consider it, it would not affect the result because it does not show that the plaintiffs have such title as the purchaser should be required to accept. It simply shows that the title is in dispute and that the dispute has not been adjudicated.

Judgment affirmed.