## Beale v. Stroud, et al.

(Decided June 3, 1921.)

Appeal from Calloway Circuit Court.

1. Judicial Sales—Warranty of Title.—There is no warranty of the title of land sold at a judicial sale, and the purchaser, who loses land thus sold by a paramount title, has no remedy, unless the owner of the land induces the purchase by an express warranty, or by representations as to the title.

2. Judicial Sales—Defective Title—Exceptions.—A purchaser of land at a judicial sale, who discovers before confirmation of the sale that the title is defective, or that there is no title to be conveyed to him, may except to the report of sale, and will be excused from the payment of the purchase money.

3. Partition—Warranty of Title.—When joint owners of both posses- sion and title voluntarily partition the lands between themselves, they may make such contract as to the warranty of title as they choose, and will be bound by it

4. Partition—Warranty of Title.—If the joint owners of lands parti-tion them without any contract as to the warranty of the title of the portion allotted to each, or if there is a compulsory partition, each of the owners by implication warrants the title of the por-tion allotted to each, but this warranty does not extend to an alienee of one of the partitioners after the partition is made, but is confined in its benefits to the parceners and their heirs, and does not run with the land.

5. Infants—Sale and Conveyance Under Statutory Authority.—Where the lands of an infant are sold at a judicial sale, the commissioner who executes the deed to the purchaser has no authority to insert a clause binding the infant to warrant the title, and if he does insert such a clause, it will not be binding upon the infant.

6. Partition—Warranty of Title.—Where there is a compulsory par-tition of lands between joint tenants, tenants in common or co-parceners, the commissioner of the court to convey the separate allotments, nor the court has any authority to insert in the deed a

warranty of the title to the portions allotted, and if such warranty is inserted in such a deed, in the absence of any fact creating an estoppel to deny the obligation upon the warranty, the owners will not be bound by such warranty so incorporated, except to the extent of the partitioners, and their heirs, and such warranty cannot be invoked by an alienee of one of the joint owners after partition made, as it will not run with the land.

7.    Judicial Sales—Warranty of Title.—Although there is no warranty of the title of lands sold at a judicial sale as against the owner of the lands sold, but if there is a previous warranty of the title to the lands of such character, that it runs, with the land, the purchaser will receive the benefits of such warranty along with his purchase of the land, and may invoke same as against the warrantor.

RAINEY T. WELLS for appellant.

A. D. THOMPSON and J. C. SPEIGHT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Affirming.

T. J. Tucker owned a tract of land which he sold and conveyed to one Holland.   Thereafter Tucker executed a mortgage upon the land to one Hale to secure a debt which he owned to the latter.   Hale instituted an action against Tucker to enforce the mortgage lien, which resulted in a judgment to that effect, and a sale of the land under the judgment to satisfy the debt.   Hale became the purchaser of the land at the decretal sale, the sale was confirmed and the land conveyed to Hale by a commissioner of the court.   Hale died, and his heirs, several in number, instituted an action for a partition of the lands which they had inherited from him.   The court decreed a partition and an allotment to each of his or her portion in severalty.   The tract which Hale had purchased at the decretal sale, in his action against Tucker, was allotted to the appellee, Eva Stroud (nee Hale) who was then an infant. The report of the commissioners to make the partition and allotment was confirmed, and a deed executed to each of the partitioners for the lands allotted to him, or her, respectively, by a commissioner of the court. Thereafter the guardian of the infant, Eva Stroud, instituted an action to secure a sale of the lands allotted to her in the partition and the reinvestment of their proceeds in other lands.   A judgment was rendered to that effect, and the land which Hale, the ancestor, had pur-

chased at the sale, under the judgment in his favor against Tucker, and which in the partition had been allotted to Eva Stroud, was adjudged to be sold and was purchased at the sale by the appellant, Beale. The report of sale was duly confirmed, the purchase price paid, and the land conveyed to Beale by a commissioner. Holland, in an action for that purpose recovered the land from Beale and ousted him from its possession, the court having adjudged that Holland was the owner of a paramount title, and for such reason adjudged him the owner and entitled to the land.

Beale, by this action, sought to recover of Eva Stroud, and other children of Hale, in the way of damages for the loss of the land, the sum of money which he had paid for it, as its purchaser under the judgment in favor of the guardian for a sale and reinvestment of the proceeds. A general demurrer was sustained to his petition as amended, and the action was dismissed, and from the judgment he has appealed.

Beale, having lost the land which he had purchased and paid for, to all appearances in good faith believing that he was acquiring by his purchase a good title thereto, naturally has the sympathy of a court of equity. He avers in the petition that Eva Stroud is now the owner and in possession of the land in which the money paid by him, for the land which he had lost, was invested, and it is insisted that this fact creates an equity in his favor. However, there is no averment in the petition to the effect that Eva Stroud made any express warranty of the title to the land, or by any representation, fraudulent or otherwise, induced the purchase of it by Beale, and in the absence of such facts, he had no remedy against her. She was an infant and by reason of such fact, the court was invested with jurisdiction to sell the land and did so, by a judgment to that effect. Perhaps one of the oldest principles applicable to a judicial sale, and which has been uniformly adhered to in this jurisdiction, is that there is no warranty of the title of lands sold under a judgment of court by the owner or any party to the action, and the doctrine of *caveat emptor* applies with full vigor to such a sale. The purchaser must beware of what he purchases at such a sale. The court adjudges to be sold and conveyed to the purchaser such title as the parties have to the land and nothing more. If, before confirmation, the purchaser discovers that he will acquire

no title by reason of the purchase, or other equitable consideration, making it unjust and unfair to require him to pay the purchase money, and he makes such facts known to the court, he will be relieved from the necessity of paying for the land but after the confirmation of the sale, he will not be relieved from complying with his bid upon the grounds that he has acquired, or will acquire, no title by his purchase, unless he can show that he has relied on representations made by the parties which had caused him or induced him to make the purchase. The court having made the sale there is no warranty of title to be relied upon, and the purchaser at such a sale, where he does not act upon representations of the owner which induce the purchase, takes his chances on the title which he may acquire, and, having obtained all that he purchased, can not justly complain of the parties or the court. Williams v. Glenn's Admr., 87 Ky. 87; Farmer's Bank v. Peter, 13 Bush 594; Henning v. Sweeney, 4 K. L. R. 986; Taylor v. Bank of Woodford, 4 K. L. R. 437; Fearon v. Gallagher's Heirs, 7 K. L. R. 298; Cooper v. Hill, 6 K. L. R. 742; Humphrey's Exr. v. Wade, 84 Ky. 391; Elkins v. Gill, 9 K. L. R. 971; Fox v. McGoodwin's Admr., 56 S. W. 515; Kentucky Union Company v. Commonwealth, 128 Ky. 610; Dotson v. Merritt, 141 Ky. 155.

The appellant relies for a right to recover against the brothers and sisters of Eva Stroud, who, before the partition of the lands of Hale, were joint owners with her of all the lands inherited by them, including the land in controversy, and had by reason of the partition between them of the jointly owned lands, warranted the title of the lands set apart to Eva Stroud. Appellant claims that although he as a purchaser of the latter land, at a judicial sale, cannot rely upon any warranty of the title to it as against the parties to the action in which the sale was had, that his purchase embraced any warranty of the title made prior thereto which runs with the land, and for such reason he can require them to make good his loss upon the warranty made by them to their coparcener, Eva Stroud. The doctrine that a judicial sale of land embraces and passes to the purchaser the benefits of a previous warranty of a title to it, which was of such a character as would run with the land, was upheld by this court in Thomas v. Bland, 91 Ky. 1, and appellant's contention in the instant case would be sound if the warranty of title which arises by implication for the benefit of each

coparcener where a partition of land jointly held is made, ran with the land allotted to each coparcener and extended to an alienee of the coparcener after the partition was made. The warranty of title which the law raised by implication by each of the joint owners of the lands for the benefit of each of the owners, when a partition to the land in severalty is made, does not extend to nor protect any one, except the former coparceners and their heirs, and does not embrace an alienee of a coparcener, who purchases after a partition is made and such warranty does not run with the land. Such implied warranty exists against an alienee from one of the parceners after partition made, but does not exist in his favor as against any of the parceners, and he must look alone to his immediate vendee. Jones v. Biggstaff, 95 Ky. 395; Sawyer v. Cator, 8 Humph. 280; Weiser v. Weiser, 5 Watts 279; Compton v. Mathews, 3 La. 128; Weston v. Roper Lumber Co., 162 N. C. 165.

The above described warranty did not formerly exist as between joint tenants and tenants in common, but, only as between coparceners and the reason assigned for limiting its operation to coparceners, was that they could be compelled to make partition, but joint tenants and tenants in common could not be required to make partition, and a partition being a matter of agreement in all cases between themselves, they were required to look to and abide by such agreements as to warranty of title, that they might agree upon. The same reason would seem to limit the existence of an implied warranty to instances of compulsory partition between coparceners, and thus would not apply, when the partition was voluntary. The rules, which denied the right of compulsory partition between joint tenants and tenants in common having been abrogated by statutes, and the reasons for their existence forgotten, the rules relating to the implied warranty between coparceners, came by analogy to be applied, to tenants in common by inheritance where the facts are as in the instant case. Morris v. Harris, 9 Gill. 19; Huntley v. Cline, 93 N. C. 458; Patterson v. Lanning, 10 Watts 135. In some jurisdictions, it is held that a warranty is not implied, except in instances of compulsory partition, but, in this state, it has been broadly held, ignoring all distinctions between holdings by joint tenants, tenants in common, and coparceners, where there is a unity of title and possession that an implied warranty

attaches to every partition of land, and exists though no warranty is expressed in the deeds. Venable v. Beauchamp, 3 Dana 321. This implied warranty is, however, a special one with regard to the damages for its breach as well as the persons who may take advantage of it, and extends no further and may be relied upon by no other persons, except as heretofore stated. The partition between Hale's heirs was compulsory, and there is no doubt, but under all the authorities, an implied warranty existed, but, it could only be invoked by the coparceners, themselves or their heirs, and would not extend to benefit an alienee of any one of them, after partition made, and Beale as a purchaser of the share of the lands, allotted to Eva Stroud, at a judicial sale, could not occupy a more favorable position, as regards the implied warranty between the coparceners, arising from the partition, than he would occupy, if he had purchased the share allotted to her directly from her. In the latter instance he could not invoke the implied warranty, and being a purchaser at a judicial sale, which was confirmed without objection upon his part, there was no warranty upon her part upon which he can rely for recoupment.

The foregoing conclusions would be very clear, but for the fact, that they are somewhat beclouded, by allegations in the petition, as amended, to the effect that the commissioner of the court, who executed the deed of conveyance to Beale, in pursuance of his purchase of the land, under the judgment in the action maintained for a sale of the lands which were allotted to Eva Stroud, incorporated in the deed a clause of general warranty, and provided in the deed that the infant, Eva Stroud, would warrant and defend the title to the land. It is, also, averred, that previous, thereto, in the action to partition and after the report of the partition by the commissioners had been made, and a commissioner had been appointed to sign, execute and deliver to each of the tenants in common, a deed for the lands allotted to each of them in severalty, the appellees, the cotenants of Eva Stroud, by the commissioner, executed to her a deed for the lands allotted to her, and by its terms did "warrant and contract to defend the title to the premises therein conveyed." The partition recites that copies of the deeds are filed with the petition, but they are not in the record, and the foregoing are the essential averments in regard to them. The question is presented as to the effect, that such stipula-

tions in the deeds executed by the commissioner have upon the rights of the parties, and upon the principles governing their rights, as heretofore stated.

In reference to the action by the guardian of Eva Stroud to procure a judgment to sell her lands, as an infant, for reinvestment, and in which Beale became the purchaser, it is not averred that the court directed the commissioner to convey the lands to him with a warranty of title, but, the allegation is that the commissioner so conveyed them, after the purchase and confirmation of the sale, and hence it must be concluded, that the insertion of a clause attempting to bind the infant to warrant the title to Beale was an unauthorized act on the part of the commissioner. If the court had undertaken to have such express warranty included in the deed, its act would have been without authority, expressly contrary to the statutes and void. Subsection 2 of section 494, Civil Code, concerning judicial sales, provides as follows: ''The court shall cause the title of the property to be conveyed by a commissioner to the purchaser, without warranty.'' In jurisdictions, where the courts are empowered to cause the lands of an infant to be sold under judgments rendered for that purpose by the guardians of an infant, or trustees appointed for that purpose, it has been held, that a warranty incorporated in the deed of the guardian or trustee is not binding upon the infant. Young v. Lorain, 11 Ill. 641; Breckenridge v. Dawson, 7 Porter (Ind.) 383. Liability upon a warranty, must exist, if at all, from the contract of the party sought to be bound, or from operation of law. In the present instance, it cannot be pretended, that the infant contracted, and there is no law, which creates the obligation for her, nor is there any authority which authorizes the commissioner to contract for her, and the appellant must be presumed to have known such facts. The retention of the land, in which the money was invested, after arriving at her majority, would only estop her from denying the validity of the sale of whatever title she had to the land, which was sold and she does not attempt to assail the validity of the sale.

Doubtless, coparceners having a unity of title and possession, when making a voluntary partition may make such contract, with reference to warranting the title to the portion allotted to each, as they may choose to do, but, where the partition is compulsory, they cannot be

presumed to have assumed any obligations, other than
are implied by law, from the nature of the proceedings.
It is not averred, that the court in proceeding to partition
the lands between the children of Hale, undertook or di-
rected its commissioner to include a warranty of title in
the deed to Eva Stroud, and that the commissioner was
without such authority there can be no question. The
court could not in such a proceeding impose an obligation
which the law does not impose or authorize. The par-
ties did not acquire any new or additional title to the
lands, but the only thing accomplished was the segrega-
tion of the interests of each. The authority of the court
and its commissioner in such a proceeding, with refer-
ence to the deeds to be made is governed by subsection
7, section 499, Civil Code, which is as follows: "If the re-
port be confirmed, a commissioner to be appointed for
the purpose, shall by deed convey to each party the land
allotted to him." The law annexes the only warranty,
which exists, arising from such conveyances. Any other
warranty being unauthorized, unless made by the parties
would leave nothing but the implied warranty imposed by
law. There is no averment, that any of the parties to
the proceeding sought or desired the conveyances with
terms, other than are provided by law, in such cases, and
the allegation in regard thereto is that the parties by the
commissioner "did in said deed warrant and contract to
defend the title." Dismissing any contentions, as to the
authority of the commissioner or court, in the premises,
as well as the extent of obligations assumed by the par-
ties to the proceeding for the acts of the commissioner,
it seems, that the terms of the deed imposed upon the co-
parceners, only the same obligation, which was implied
if none had been expressed in the deed, but, which only
extended to the parceners, and not to an alienee of one
of them. For after all, it could and was nothing more
than a partition deed, and the warranty therein express-
ed, not being different from the terms, which would be
used for the expression of the warranty annexed by law
to a partition it could not be presumed, that in such a
deed it was intended to embrace more, and hence would
not run with the land.

The judgment is therefore affirmed.