## P. A. Blackwell & Company, et al. v. Canoe Creek Coal Company, Inc., et al.

(Decided January 25, 1927.)

### Appeal from Henderson Circuit Court.

1. Mortgages—In Foreclosure Suit, Bidder at Sale Acquires no Right to Property Until Bid is Accepted and Sale Confirmed.—In mortgage foreclosure suit, bidder at sale acquires no lien or right to property before his bid is accepted and the report of the sale confirmed, but is a mere proposer.

2. Mortgages—Before Confirmation, Court can Set Aside Foreclosure Sale, Notwithstanding Levy on Right of Redemption Made After Sale.—Court has power to set aside sale in foreclosure suit and to order a new sale at any time before confirmation for cause shown, notwithstanding levy on right of redemption, since bidder acquires no right in property until confirmation.

3. Execution—Levy on Redemption Right Gives no Lien, where Sale is Set Aside, where Levy on Property would Give no Paramount Lien.—Where levy on right of redemption is made after sale, and thereafter sale is set aside, levy gives no lien on right of redemption, where levy on property would give no lien paramount to other creditors.

VANCE & HEILBRONNER for appellants.

YEAMAN, PENTECOST & YEAMAN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In 1923 appellee, Canoe Creek Coal Company, Inc., issued mortgage bonds, interest coupons attached, covering all of its valuable coal properties, making Henderson

National Bank trustee, the bonds to run from four to fifteen years, interest payable semi-annually. In 1925 the Henderson National Bank, as trustee, instituted suit in the Henderson circuit court against the coal company and others to recover judgment and subject the property to the payment of the mortgage bonds and other liens. The amount of the indebtedness was large and the property was ordered sold. Pursuant to this judgment the property was advertised and sold on February 8, 1926, to the Henderson National Bank at the price of $8,100.00, it having been appraised at $23,000.00. Exceptions were filed by creditors to the report of sale on the ground that the purchaser had agreed with certain creditors who were absent to bid at least two-thirds of the appraised value of the property, and in violation of the agreement had bid in the property at a much less price. The trial court was satisfied, after hearing the evidence, that the bank, which later became the purchaser, had promised certain interested creditors to bid at least two-thirds of the appraised value and had failed to do so, and for that reason set aside the sale and ordered a resale of the property. After this sale and before the court acted upon the exceptions, appellants, P. A. Blackwell & Company and others, holding judgments against the Canoe Creek Coal Company, caused executions to be issued and to be levied upon the redemption right of the company in the property sold at the decretal sale, and these persons objected to the setting aside of the sale, claiming that the levy of the execution upon the redemption right created a prior and superior lien upon the interest of the company which could not be taken away by the court setting aside the sale and ordering a new sale. At the resale the bank again became the purchaser at $15,335.00, which was two-thirds of the appraised value of the property. To the report of sale filed by the commissioner appellants filed exceptions based upon the theory that the levy of the execution, to which we have referred, created a lien in their favor on the right of redemption, which was superior to all other liens, and with notice of the issuance of said executions and levies thereunder, and a memorandum showing the number and style of said actions in which said executions issued, the number of each execution, the date thereof and the name of the respective defendants in whose favor said execution was issued and the name of the defendant, the Canoe Creek Coal Company, against

whom the said execution issued, having been filed in the office of the clerk of the Henderson county court on February 8, 1926, and before the order setting aside the commissioner's sale of the company's property, and before the order directing a resale of the property, and before the resale of the property on March 6, 1926, rendered the resale of the company's property invalid and ineffectual to take away the lien which attached upon the levy of the execution. All this depends upon the status of a bidder at such sale before the report of sale is confirmed. Is a bidder at a decretal sale a purchaser, and does he acquire a lien upon or a right to the property before his bid is accepted and before the report of sale is confirmed? We think not. Until the chancellor acts upon the report of sale, and accepts the bid and approves and confirms the report of sale, the bidder is not a purchaser but only a proposer whose proposition may be accepted or rejected. He acquires neither the legal title nor the rights of a purchaser prior to the confirmation of a sale. His bid may be rejected at any time by the court for cause shown, but when confirmed he then acquires and assumes burdens from which he cannot thereafter be easily discharged. If the property is destroyed between the time of the sale and the confirmation of the report of sale, the loss does not fall upon the bidder but upon the judgment debtor. Beavers, etc. v. Nelson, 152 Ky. 319, 153 S. W. 428; Noel v. Harper, etc., 170 Ky. 657, 186 S. W. 503; syllabus to City of Henderson v. Ashby, 179 Ky. 507, 200 S. W. 931; Hughes v. Swope, 88 Ky. 254 (p. 257); Vanbussum v. Maloney, 2 Metcalf (Ky.) 550. From the rule laid down in these cases it follows as a necessary consequence that the court had power at any time for cause shown to set aside the sale made by the commissioner and reported to the court as of February 8, 1926, and to order a resale of the property. If this be true, then the levy of the execution upon the redemption right of the coal company did not create a prior and superior lien in favor of the execution creditors against the execution debtor, and could not have advantaged the execution creditor to any extent beyond that which he might have acquired by the levy of the execution upon the same property before the original sale was had. Then, of course, the property was subject first to the debts of the lien creditors, and this was admitted by all. Certainly an abortive attempt to carry out the judgment of the court directing a sale of the

property which was not upheld by the court as valid did not give to the general creditors any new or additional advantage, even though they sued out executions and caused the same to be levied upon what they were pleased to call the redemption right in the property owned by the judgment debtor by reason, as it is claimed by the plaintiffs in the execution, of the failure of the property to bring two-thirds of its appraised value. When the first sale was set aside, as the court had power to do for cause shown, the property stood in the same position that it occupied immediately before the first sale, and inasmuch as a levy of the execution upon the property of the judgment debtor before the sale would not have created a lien in favor of the plaintiff in the execution prior and superior to the lien of the judgment creditors, the levy of the execution, after a void and ineffectual sale, did not create a lien on the right of redemption nor subject such interest to the claim of the common creditor who caused the execution to be levied.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.