## Vinson v. Continental Supply Company, et al.

(Decided January 24, 1928.)

### Appeal from Lawrence Circuit Court.

1. Corporations.—Where mortgaged oil and gas lease was transferred by mortgagor to corporation in exchange for stock certificate and stock certificates were assigned as collateral security for payment of debt, mortgagee had no interest in stock, and sale of stock did not affect its interest, and mortgagee was not proper party to proceedings in which stock was ordered sold.

2. Judicial Sales.—Where mortgaged lease was transferred to corporation in exchange for stock certificates and stock certificates were assigned as collateral security for payment of debt and, in action on debt, stock certificates were ordered sold, rule of caveat emptor applied to purchaser at sale of such stock, and he took the risk in buying stock without knowing what it was worth.

A. O. CARTER for appellant.

JOHN L. SMITH and WAUGH & HOWERTON for appelleees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

In March, 1921, Tom Hayes procured from Margaret Stump an oil and gas lease in Lawrence county, and thereafter began to drill for oil and gas on the premises. On October 24, 1922, Hayes and wife executed to the Union National Bank of Sistersville, W. Va., a mortgage to secure his indebtedness to that bank in the sum of $10,000. The mortgage was duly recorded. Thereafter, on April 19, 1923, the Milton Oil, Gas and Products Company was organized; Tom Hayes transferred to it the Margaret Stump lease, and received from it two stock certificates, aggregating 500 shares of the stock of the company. On September 7, 1923, Hayes assigned

these certificates of stock to the Continental Supply Company as collateral security for the payment of his indebtedness to it. He failed to pay the debt. The Continental Supply Company brought this action to recover its debt and enforce its lien upon the stock. Judgment was entered in its favor. The stock was ordered sold, and at the sale L. K. Vinson was the purchaser of the stock for $9,525. He filed exceptions to the sale on the ground that, when he bought the stock at the sale, he did not know that the Stump lease was mortgaged to the Union National Bank, and that he would not have bought the stock if he had known of this mortgage on the lease. The court overruled his exceptions and confirmed the sale. He appeals.

It is insisted that the Union National Bank was a necessary party to the action, and that the proceeding was irregular. The stock only was ordered sold. The bank had a lien on the lease. It had no interest in the stock. The sale of the stock in no wise affected the interest of the bank, and it was not a proper party to the proceedings.

It does not appear from the record that Vinson was misled by anybody in any way. His own affidavit simply shows that he did not know of the mortgage until some time after the property was sold at the sale, and that, if he had known the lease was mortgaged, he would not have purchased the stock. It was incumbent upon him to know what he was buying. It is well settled that the rule caveat emptor applies to a purchaser at a judicial sale. In Sullivan v. Wright, 201 Ky. 22, 255 S. W. 848, the purchaser was misled by the statements of the officer conducting the sale. But that is not this case. The purchaser took the risk in buying stock without knowing what it was worth. The reported cases go no further than to hold that the purchaser may be relieved where he has been misled by the officer or party making the sale. Any other rule would destroy confidence in judicial sales and absolve purchasers from all exercise of care on their part where corporate stock is sold.

Judgment affirmed.