## Shelby Trust & Banking Company v. St. Matthews Bank & Trust Company.

(Decided January 17, 1930.)

R. F. MATTHEWS for appellant.

TODD & BEARD and W. PRATT DALE for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Reversing.

On August 9, 1921, M. J. George, Fort Worth, Tex., executed and delivered to Allendale Farms a promissory note for $3,735, due and payable on January 15, 1922. The note was made payable at the Continental National Bank of Fort Worth, Tex., and bore interest from maturity. To this note were attached transfers of registry for five Jersey cattle. These transfers of registry were to be delivered upon payment of the note, and the purchaser of the cattle, M. J. George, could then register the cattle through the American Jersey Cattle Club. By the rules of the club the five cattle bought by George could not be registered until the transfers of registry were delivered to the club. It appears from the record that in 1925 Mrs. S. T. Henning, who was then the owner of the George note, had become indebted to a large number of creditors including the appellant, Shelby County Trust & Banking Company of Shelbyville, Ky., and the appellee, St. Matthews Bank & Trust Company of St. Matthews, Ky. The appellant to secure an indebtedness of about $3,500 had taken as security the George note for $3,735, bearing interest from January 15, 1922, which had attached to it the transfers of registry for the five Jersey cattle. This note was made payable in the state of Texas, where it was executed, and was mailed by George in Texas to Mrs. Henning, who received it at Shelbyville, Ky., through the mails.

In a suit to settle the assigned estate of Mrs. S. T. Henning filed in the Shelby circuit court, the commissioner of the Shelby circuit court was directed to sell the George note with transfers of registry. The sale was had, and the appellee, St. Matthews Bank & Trust Company, one of the creditors of the Henning estate, purchased the George note for $425. At the commissioner's

sale no representation of any kind was made concerning said note.

The purchaser, who is the appellee here, filed exceptions to the commissioner's report of sale. Issues were properly joined and the exceptions submitted on the following statement of facts:

"It is agreed that the note of M. J. George was in 1922 owned by S. T. Henning and that she endorsed it over to the St. Matthews Bank & Trust Company, to collect for her, and that it was in possession of said bank for about one week when she directed it be returned to E. B. Beard, her attorney, and it was returned according to her request.

"Subsequently, thereto it was put up as collateral security with the Shelby County Trust & Banking Company to secure it on a note executed to it by Mr. S. T. Henning under that name. With said George note were attached transfers to five Jersey cattle. These transfers were to be delivered upon payment of the note and the purchaser of the cattle, M. J. George, could then register said cattle through the American Jersey Cattle Club. By the rules of the said club the five cattle bought by George could not be registered until the transfers were delivered by him to the club. At the time of the commissioner's sale of the George note, these cattle had all been sold by M. J. George as grade cattle.

"It is agreed that the copy of the note filed with Commissioner's report of sale is a correct copy of said note, except as to endorsements on the back thereof and that said note was executed and made payable in State of Texas and mailed to Mrs. S. T. Henning of Shelby County, Kentucky.

"It is agreed that at the time of the said Commissioner's sale said note was barred by limitation by the laws of the State of Texas and that M. J. George has at all times been a resident of the State of Texas. It is further agreed that the said note was presented to M. J. George for payment since said Master Commissioner's sale and she refused to pay same on the ground that it was barred by Statute of Limitation and stated that she would plead the Statute of Limitation to any suit brought against her on said note. Correspondence from attorneys in Texas concerning it is herewith attached and may be read as evidence.

"Said original note of M. J. George had not been filed in record prior to sale, but said note was delivered to Master Commissioner on day of sale and by him endorsed and dleivered to purchaser, St. Matthews Bank & Trust Company by W. Pratt Dale, its attorney. It is agreed that prior to said sale no investigation of the law of Texas had been made by the purchaser or its attorney and neither said purchaser nor said attorney knew that said note was barred by limitation under the laws of Texas and this fact was not announced by Master Commissioner at time of sale and no statement of any kind was ever made by the Commissioner or the Shelby County Trust & Banking Company concerning said note.

"It is further agreed that said purchaser has tendered back said note and transfers to Shelby County Bank & Trust Company."

The court sustained the exceptions and set aside the sale. From this order appellant prosecutes this appeal by "paying the tax and filing the record in the office of the clerk of the Court of Appeals in the manner provided in other like cases and entering a motion that the appeal be granted."

The simple question to be decided in this case is: Does the rule of caveat emptor apply?

In the case of Vinson v. Continental Supply Company et al., decided by this court January 24, 1928, 222 Ky. 721, 2 S. W. (2d) 390, Vinson purchased two stock certificates aggregating 500 shares of stock in the Continental Supply Company at commissioner's sale, and he afterwards learned that the only asset of the Continental Supply Company was an oil and gas lease and that the lease was mortgaged to the Union National Bank for $10,000. He filed exceptions to the sale on the ground he did not know that the lease was mortgaged and that he would not have bought the stock if he had known of this mortgage on the lease. The court overruled his exceptions and confirmed the sale, and in affirming that judgment this court said: "It does not appear from the record that Vinson was misled by anybody in any way. His own affidavit simply shows that he did not know of the mortgage until some time after the property was sold at the sale, and that, if he had known the lease was mortgaged, he would not have purchased the stock. It was

incumbent upon him to know what he was buying. It is well settled that the rule caveat emptor applies to a purchaser at a judicial sale. In Sullivan v. Wright, 201 Ky. 22, 255 S. W. 848, the purchaser was misled by the statements of the officer conducting the sale. But that is not this case. The purchaser took the risk in buying stock without knowing what it was worth. The reported cases go no further than to hold that the purchaser may be relieved where he has been misled by the officer or party making the sale. Any other rule would destroy confidence in judicial sales and absolve purchasers from all exercise of care on their part where corporate stock is sold.'' In the case at bar the George note with transfers of registry for five Jersey cattle attached was sold without any representation on the part of officers of the court or the appellant in this case. This note on its face shows that it was nearly five years past due, without any interest having been paid thereon. Also the note had been in the hands of appellee for a short period of time, where it was placed by Mrs. Henning, and returned to Mrs. Henning's attorney by her directions.

These facts, in our opinion, were sufficient to warn a prudent purchaser that this note was greatly depreciated, if not entirely without value. When this note was presented, if the maker had paid it, the purchaser would have realized many times the cost or the price paid at the sale, $425. If the rule caveat emptor applied with full force to the sale of stock in a corporation as held in the Vinson case, supra, we are unable to perceive any reason why it would not apply with equal force to the purchaser of a promissory note as in the case at bar.

In Rochester v. Owen, 197 Ky. 170, on page 172, 246 S. W. 32, 34, the court uses this language: ''It is a rule of long standing in this commonwealth that in all judicial sales where there is no fraud the maxim caveat emptor applies in full force. The buyer at such a sale must beware. There is no warranty of title or quality.'' Also in 16 R. C. L. sec. 101; ''A judicial sale carries only the interest, estate and right in the premises that the parties to the proceedings had and could have asserted, no more and no less. The purchaser succeeds to their rights and attitude in respect to the property sold, 'takes their shoes,' stands in their place, acquires their interest as it existed in their hands, subject to all infirmities of title then attaching to the estate, and all equities, known or secret, which operated as a limitation upon the

nominal or apparent estate which they had." The case of Spinks v. Raison, 144 Ky. 539, 139 S. W. 811, relied on by appellee to support this judgment, has no application to the case at bar. In the Spinks v. Raison case the sale was set aside because it had not been properly advertised and the party in interest was prevented from being at the sale by sickness and the property sold at a sacrifice.

In the case of Beale v. Stroud, 191 Ky. 755, 231 S. W. 522, 523, quoted and relied on by appellee to support this judgment, this language is used: "Perhaps one of the oldest principles applicable to a judicial sale, and which has been uniformly adhered to in this jurisdiction, is that there is no warranty of the title of lands sold under a judgment of court by the owner or any party to the action, and the doctrine of caveat emptor applies with full vigor to such a sale. The purchaser must beware of what he purchases at such a sale. The court adjudges to be sold and conveyed to the purchaser such title as the parties have to the land, and nothing more." In the case at bar the question of title to the note is not involved; the sole question is as to its value.

Under the authority of the Vinson case, 222 Ky. 721, 2 S. W. (2d) 390, and other authorities quoted, we are of the opinion that the court erred in sustaining the exceptions to the commissioner's report of sale and setting aside the sale. The court should have overruled the exceptions and confirmed the sale.

It is therefore ordered that the appeal be granted, the judgment reversed, and the Shelby circuit court is directed to overrule the exceptions and confirm the report of sale.