## First-Owensboro Bank & Trust Co. v. Wells et al.

April 28, 1939.

E. B. ANDERSON for appellant.

GEORGE S. WILSON, JR., for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

In December 1922, R. E. Rodgers borrowed from the Farmers & Traders Bank of Owensboro, Ky., $8,000 and executed his note therefor due twelve months after

date, together with a mortgage on certain real estate in Owensboro, Ky., to secure payment of the note. In June 1927, Rodgers and his wife, Bernadine C. Rodgers, borrowed $5,000 more from the same bank for which they executed their note due twelve months from date and secured its payment by a second mortgage on the same property.

From time to time certain payments were made on the notes leaving a balance on the first one of $7,000 and on the second, $3,250. In March 1930, the Farmers & Traders Bank of Owensboro consolidated with the appellant, First-Owensboro Bank & Trust Company, and under the consolidation the latter became the owner of the notes.

In August 1937, the appellant, First-Owensboro Bank & Trust Company, instituted its action in equity in the Daviess circuit court against Rodgers and his wife seeking judgment on the notes and the enforcement of the mortgage liens on the property. So far as the record discloses, no defense was made to the action and in due time judgment was rendered in favor of appellant for the respective sums of its notes together with the lien on the mortgaged real estate and ordered the real estate sold in satisfaction of the judgments.

In the original petition only Rodgers and his wife were made defendants. After the rendition of the judgment the appellee B. Coburn Wells filed his intervening petition alleging, in substance, that he was in possession of the real estate under a lease running, by extension privilege, to October 31, 1940, and the original judgment was supplemented directing that in making the sale the master commissioner should first offer the property for sale subject to the written lease contract of appellee Wells, and if when so offered it produced a sum sufficient to cover the bank's claim then it should be sold in that way; but otherwise it should be sold free from the lease contract.

Pursuant to the judgment and order of sale the master commissioner sold the real estate on November 15, 1937, and filed his report on January 3, 1938, disclosing that appellee B. Coburn Wells, who was the highest and best bidder, became the purchaser of the property for $10,624.17, this being the amount of the bank's debt, interest and costs, and more than two-thirds of the appraised value of the property. Appellee

executed three bonds for the purchase price of the property, for $3,541.39 each, due in six, twelve and eighteen months respectively. Up to this point the proceedings appeared to be regular about which no question or complaint is made.

On January 10, 1938, at a subsequent term of the court, appellee filed his exceptions to the report of sale, relying upon two grounds, as follows:

"(1) Because the property sold, pursuant to the judgment herein, by Earl S. Winter, Special Commissioner, on November 15, 1937, was sold free and clear of all liens and encumbrances, except those specifically mentioned in the judgment and supplemental judgment entered herein, and your said purchaser now finds that there is of record in Mortgage Book 91, at page 516, a real estate mortgage from R. E. Rodgers and Bernadine C. Rodgers, his wife, to A. C. Hancock, Jr., of Evansville, Indiana, to secure an alleged debt of $2500.00 with six percent interest thereon from the date of the mortgage, which is allegedly July 20, 1937; and that said mortgage was recorded in said Book on November 13, 1937, and that the said A. C. Hancock, Jr., mortgagee named therein, was not, and is not, a party to this action; and that if said sale should be confirmed under the present state of the record said mortgage would be a lien against the property purchased by the said B. Coburn Wells at said sale, in that the mortgage is on the same property which this purchaser bid in at said sale.

"(2) Because a company known as Monroe Company lodged for record in the Daviess County Clerk's office on November 11, 1937, a mechanic's lien on the same property bid in by this purchaser to secure an alleged lien of $133.00; said mechanic's lien being of record in Mechanic's Lien Book 2, at page 156, in said Clerk's office; and if said sale is confirmed without said lien being satisfied it would be an existing lien against said property.

"The said B. Coburn Wells says further that neither the above mentioned real estate mortgage nor the above mentioned mechanic's lien have been released of record."

On January 21, 1938, and before any action was taken on the exceptions, appellee filed his amended in-

tervening petition which in substance was a reiteration of his exceptions and prayed that A. C. Hancock, Jr., and Monroe Company be made parties to the action and that they be required to answer and set up their respective claims against the property, if any they have. Both A. C. Hancock, Jr., and Monroe Company were non-residents of the state and warning orders were duly made on January 22, 1939, warning them to appear within 30 days and to defend the action.

Matters were held in abeyance until March 9, 1938, when the case was submitted on the commissioner's report and appellee's exceptions to the report of sale and an order was entered sustaining the exceptions to the report of sale and setting it aside and ordering cancelled the purchase bonds executed by appellee. Up to this time, March 9th, nor since then nor at any time so far as the record discloses, neither A. C. Hancock, Jr., nor the Monroe Company had filed any answer or made any attempt to assert their alleged liens, although the warning order had been made 47 days.

On March 16, 1936, appellant tendered and moved to file its answer to appellee's exceptions and amended intervening petition which the court permitted filed and made a part of the record. In its answer appellant admitted that the alleged mortgage to A. C. Hancock, Jr., and the mechanic's lien of the Monroe Company were recorded in the clerk's office as alleged by appellee, but asserted that the mortgage was executed without any consideration therefor and that no debt now exists or in fact ever at any time existed by the alleged mortgagors or anyone for them. It further alleged and charged to be a fact that the debt of the Monroe Company for which the alleged mechanic's lien was filed in the clerk's office had been paid, discharged and extinguished either before or after the filing of the mechanic's lien as aforesaid, but in any event it had been satisfied and is no longer in existence.

Appellee filed a general demurrer to appellant's answer to the exceptions and amended intervening petition, but the record does not disclose that the court took any action on the demurrer. Appellant excepted to the order and judgment of the court indicated above and to reverse same it has prosecuted this appeal.

Various grounds for reversal are insisted on in brief of appellant. It is first insisted that the discovery

by appellee of the alleged liens set out in his exceptions which were not of record or otherwise known to appellant before judgment was rendered but recorded only two and four days respectively before the sale of the property, afforded appellee no grounds for exceptions.

In Beale v. Stroud et al., 191 Ky. 755, 231 S. W. 522, 523, it is held that "If, before confirmation, the purchaser discovers that he will acquire no title by reason of the purchase, or other equitable consideration, making it unjust and unfair to require him to pay the purchase money and he makes such facts known to the court, he will be relieved from the necessity of paying for the land· * * *." See, also, McKnight et al. v. Johnson et al., 236 Ky. 763, 34 S. W. (2d) 239; Owens v. Witmer Co. et al., 275 Ky. 439, 121 S. W. (2d) 966.

It appears from these authorities, supra, that the discovery of the alleged liens against the property before confirmation of the sale afforded appellee grounds for exceptions. However, he offered no proof in support of his exceptions, and we have only the mere allegation that the alleged mortgage and mechanic's lien were of record, but filed no copies of same with the exceptions or with the amended intervening petition, nor did he offer other proof to sustain the exceptions. See Whittaker v. Chenault, 192 Ky. 81, 232 S. W. 391. It is the rule that no answer to exceptions is necessary and the exceptor has the burden of proving his exceptions. Jesse v. Haney, 275 Ky. 699, 122 S. W. (2d) 490. It appears that exceptions to a report of a judicial sale stand controverted as a matter of law.

However, conceding without deciding, that the amended intervening petition of appellee in which he reiterated his exceptions was proper, the answer of appellant to the amended intervening petition made an issue upon which no proof was offered. But, if it be conceded that the answer to neither the exceptions nor amended intervening petition was necessary, yet the burden was on appellee to prove his exceptions, which he failed to do.

In Whittaker v. Chenault, supra, it is held that the burden is upon the purchaser at a judicial sale of proving alleged outstanding equities or other defects in the title of the land sold, which are not disclosed by the record in the case, and that a mere assertion in the exceptions that a lien or other encumbrances exist against

the property is not competent evidence that such a lien exists in fact.

Since appellee did not prove his exceptions, it follows that the court erred in sustaining them and setting aside the sale and cancelling the purchase bonds.

We express no opinion upon other questions raised, all of which are reserved.

For reasons stated, the judgment is reversed and remanded for proceedings consistent with this opinion.