**MASSEY v. FISCHER et al.**

Court of Appeals of Kentucky.

Jan. 25, 1952.

See also 243 S.W.2d 889.

Orie S. Ware, Wm. O. Ware, Covington, for appellant.

Eugene C. Benzinger, Edwin H. Henry, Bert J. King, H. G. Breetz, Covington, for appellees.

MOREMEN, Justice.

Appellant, Prudie Massey, was the highest bidder at a public sale of real estate held at the courthouse by the master commissioner in Kenton County. After she investigated the title to the property, she filed exceptions to the judgment and order of sale on the grounds, inter alia, that the property sold by the commissioner was not a fee-simple title but was subject to so many conditions and restrictions that a deed by the master commissioner would not convey a freely alienable piece of property. The court overruled the exceptions to the report of sale and adjudged and decreed that it be confirmed. From this judgment, the purchaser appeals.

In 1931, the White Villa Country Club, a corporation, acquired 127 acres of land in the southern part of Kenton County. The property was subdivided and parcels were sold to various people. The country club subjected the property, through the original deeds, to many conditions and restrictions. The original vendee of the particular piece of property here involved was Phillip Rose, and the instrument of conveyance to him contained this covenant: "It is the understanding of the parties hereto and the understanding of the shareholders of the White Villa Country Club for themselves, their successors, legal representatives, heirs and assigns that the title herein conveyed is a conditional restricted fee simple title, conditioned and restricted as herein provided and defeasible upon the violation by grantee, his heirs, legal representatives or assigns of any conditions and/or restrictions herein contained, with right of re-entry reserved by the grantor for itself, its successors or assigns upon failure by grantee, his heirs or assigns to keep and perform the conditions and restrictions herein expressed this conveyance being made and accepted on the express conditions and subject to the herein named restrictions. Upon defeasance the estate of grantee, his heirs and assigns, shall be forfeited and title shall revert to White Villa Country Club, its successors and assigns."

Some of these restrictions were (1) grantee must be a member shareholder of the White Villa Country Club and subject to all future regulations and restrictions adopted by the club; (2) that the building and maintenance of a cottage by the grantee shall be subject to the approval of the club; (3) that the grantee shall pay dues to the club; (4) grantee shall not convey the lot except upon the same conditions and restrictions which shall be noted in all conveyances as conditions running with the land, and failure to include the restrictions in any deed of conveyance shall constitute a forfeiture causing title to revert to the club; (5) if through the operation of law, the interest in a lot conveyed shall pass to one not a qualified member shareholder of the club, said interest shall be forfeited unless the vendee qualifies as a member shareholder; (6) that the grantee shall not sell a portion of the real estate even to a qualified member shareholder without approval of the board. All of the foregoing restrictions were made applicable to the grantee, his heirs, legal representatives or assigns.

The foregoing restrictions were not of record in this case before the appellant bid in the property at the auction sale. The

master commissioner did not announce by written advertisement or at the decretal sale that the property was rigidly restricted.

 We have held that strict rules applicable to deliberate contracts do not govern a sale of realty at auction, and the purchaser has the right to presume and expect a clear title, free from burdensome restrictions and covenants. Cox v. Birchfield, 299 Ky. 250, 18 S.W.2d 256. This case is also authority for the rule that the purchaser at auction shall have opportunity to investigate and inquire into the state of the title, and, if unannounced restrictions are discovered, rescission may be had.

It is true that the facts in Cox v. Birchfield disclose a voluntary sale at public auction of property owned by an individual but no reason exists for not applying, with equal force, this rule to a decretal sale. In First Owensboro Bank & Trust Co. v. Wells et al., 278 Ky. 38, 128 S.W.2d 227, 229, it was said: "In Beale v. Stroud et al., 191 Ky. 755, 231 S.W. 522, 523, it is held that 'If, before confirmation, the purchaser discovers that he will acquire no title by reason of the purchase, or other equitable consideration, making it unjust and unfair to require him to pay the purchase money and he makes such facts known to the court, he will be relieved from the necessity of paying for the land * * *.' "

 We have held that the doctrine of caveat emptor is not generally applicable to judicial sales where the question of title is raised before confirmation of the sale, and that a bidder at a decretal sale who raises the objection before confirmation of the sale can obtain relief if his objections are valid. Cooper v. Hill, 6 Ky.Law Rep. 742; Beavers v. Nelson, 152 Ky. 319, 153 S.W. 428; McKnight v. Johnson, 236 Ky. 763, 34 S.W.2d 239; Owens v. Witmer Co. et al., 275 Ky. 439, 121 S.W.2d 966.

 We have no doubt but that the unusual restrictions which attached to the property sold affected the marketability of the title. In executory contracts for the sale of land, the rights of the vendee are more carefully guarded than they are where the contract has been executed and the presumptions of law are different. When a contract for the sale of land is executory, its true nature is such that the court recognizes the right of the purchaser to insist upon a title so clear of defects that there is no reasonable doubt as to its validity and no reasonable basis for apprehension of danger of litigation with regard to it. See discussion in Frank v. Kay, 123 Or. 286, 261 P. 893, 57 A.L.R. beginning at page 1256. In the case at bar, the contract made when appellant bid in the property was still executory and she objected to the marketability of the title before the contract was finally executed by disclosing the many burdensome restrictions. Therefore, she objected at the proper time and while she was in a position favored by the law. We are of opinion that the exceptions should have been sustained.

The judgment is reversed with directions that a new judgment be entered consistent with this opinion.