JAMES A. BUTTERFIELD *vs.* CORNELIUS MCNAMARA.

New London Co., May T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, JS.

The defendant agreed in writing to sell the plaintiff a lot with a dwelling house thereon "and the use of the sewer through the grantor's adjoining land to the Church street sewer." Soon after a deed was executed by the defendant and delivered to the plaintiff, which contained only the following provision as to the sewer :—" Reserving to myself and my heirs and assigns the right to connect sewer pipes with the sewer now leading from said described premises through my adjoining land to Church street." The plaintiff, supposing that the deed secured to him the right to the use of the sewer, accepted it and paid the defendant the price agreed for the lot conveyed. In an action afterwards brought by him for a breach of the contract in not conveying to him the sewer right, it was held—1. That the deed did not convey such right. 2. That the plaintiff's acceptance of the deed, being made under a mistake as to its effect, did not conclude him.

The mistake, though as to the legal effect of the deed, was yet essentially a mistake of fact.

The defendant owned the adjoining lot, through which the sewer ran, in common with another person, who knew of the existence of the sewer and of the contract with and deed to the plaintiff, and made no objection thereto. The two tenants in common afterwards conveyed the property to O, who soon after conveyed it to C, who built a house on the lot and destroyed the sewer. Held that if the other tenant in common would have been himself estopped from denying the plaintiff's right to the use of the sewer, yet his grantee would not be estopped.

The deed to O and that of O to C, contained the following provision as to the sewer:—" Together with the right to connect sewer pipes with the sewer now leading from said *B's* [the plaintiff's] land to the Church street sewer." Also:—" And said premises are conveyed subject to

such rights, if any, as said *B* has to maintain a sewer across said premises." Held that nothing was conveyed to the plaintiff by these provisions.

[Argued May 25th—decided June 18th, 1886.]

ACTION for breach of a contract to convey to the plaintiff a right to the use of a sewer; brought to the Superior Court in New London County, and heard before *Torrance, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*S. Lucas*, for the appellant.

1. The plaintiff accepted the defendant's deed with a full knowledge of all the facts. This is set up in our defense and is found by the court. The finding is that "at the time said agreement was executed the plaintiff knew that the land mentioned as the defendant's land was owned by the defendant and his brother as joint tenants."

2. The reservation in the deed was of sufficient scope to give the plaintiff a right to use the sewer in common with the defendant, and the knowledge and assent of his cotenant gave him the right to use it in common with him also. This right, if not thus established, was confirmed and established by the deed of the defendant and his co-tenant to Osgood. By that deed they conveyed to him " the right to connect sewer pipes with the sewer now leading from Butterfield's land to the Church street sewer." Here the existence of the sewer was fully recognized and it was treated as an established and permanent one. But the deed does not stop here, but goes on to make the premises conveyed " subject to such rights as said Butterfield has to maintain a sewer across said premises." And the deed of Osgood to Cassidy contains the same provisions. The effect of the whole was to give the plaintiff the right to use the sewer in common with the owner of the servient estate whoever he might be. *Pettee* v. *Hawes*, 13 Pick., 327; *Dyer* v. *Sanford*, 9 Met., 405; *Bryan* v. *Bradley*, 16 Conn., 474, 484; 2 Washb. R. P., 27; Washb. on Easements, 43, 44.

3. The deed operated to convey the right to the sewer upon the well-recognized principle that if a tenant in common conveys a part of the common estate by metes and bounds, it passes a good title to the tract conveyed if the other tenants in common assent. Here the co-tenant of the defendant clearly assented. *Hartford & Salisbury Ore Co.* v. *Miller*, 41 Conn., 112; *Stevens* v. *Town of Norfolk*, 46 id., 229; *Goodwin* v. *Keney*, 49 id., 563; *Varnum* v. *Abbot*, 12 Mass., 474; *Blossom* v. *Brightman*, 21 Pick., 283; *Dall* v. *Brown*, 5 Cush., 289; *De Witt* v. *Harvey*, 4 Gray, 491; *Clark* v. *Packer*, 106 Mass., 554. But the defendant did not agree to sell the exclusive use to the sewer, but only a use in common with the owners of the land then held in common. It is found that a year or two before the agreement was executed, " the defendant had built said sewer at *his own expense* from the premises conveyed to the plaintiff through said adjoining land owned in common to the public sewer in Church street with the knowledge and *assent* of his co-tenant." That is, one joint owner of an estate owned in common, with the knowledge and assent of his co-tenant, expends his money to construct a drain through the same for the benefit of his own individual estate and for use in connection therewith and the estate held in common. It appears therefore that from the first the co-tenant knew and assented that the joint estate should be burdened with that sewer by reason of the supposed benefit it derived therefrom. From the time of its construction he knew of and assented to its use as an appurtenant to the premises conveyed to the plaintiff. This was not anything done on land by one who had no interest therein under a license from the owner, but on premises of which the defendant was the owner of an undivided half. He had a perfect right to construct it with the assent of his co-tenant, and by doing it he acquired certain rights to the portion of land through which the drain was constructed. On a partition equity would have given him the benefit of it. 1 Washb. R. P., 446. And equity would have restrained the co-tenant from destroying

it. Washb. on Easements, 63. A parol assent was sufficient. *Haynes* v. *Seachrest*, 13 Iowa, 455.

*J. Halsey* and *W. A. Briscoe*, for the appellee.

CARPENTER, J. On the 31st of January, 1883, the defendant agreed in writing to sell to the plaintiff a tract of land with a dwelling house thereon, " and the use of the sewer from said house through his other land adjoining to the Church street sewer." On the 6th day of February following he executed and delivered to the plaintiff a deed of the lot and dwelling house, but the deed made no mention of the sewer except in the following clause :—" Reserving to myself and my heirs and assigns the right to connect sewer pipes with the sewer now leading from said described premises through my adjoining land to the Church street sewer from time to time." The adjoining land so referred to was not owned by the defendant except as tenant in common with his brother. The plaintiff, supposing that the deed was a performance of the contract by the defendant, paid the stipulated price in full performance of the contract on his part.

The adjoining land was subsequently sold by the brothers to Charles H. Osgood, and Osgood sold the property to Mrs. Cassidy, who with her husband erected a building thereon and thereby destroyed the sewer. The house and lot without the connecting sewer is worth $800 less than it was with it.

This suit is brought on the contract by which the defendant agreed to sell the use of the sewer. The plaintiff had a judgment for $800, and the defendant appealed.

The defendant in his first defense denies a portion of the plaintiff's complaint. His second defense is as follows :—
" The defendant executed and delivered the deed mentioned in the second paragraph of the plaintiff's complaint in the full performance on his part of said agreement, and the plaintiff, with knowledge of all the circumstances, accepted said conveyance in full performance of the agreement on

the part of the defendant to be performed, and before the performance of the agreement on the part of the plaintiff." This the plaintiff denies. The court finds as follows :— " The defendant executed and delivered to the plaintiff the deed, which deed was then supposed by both of the parties to be in performance of said agreement; and the plaintiff, upon the delivery of said deed, paid to the defendant, in full performance of said agreement on his part, the sum of forty-five hundred dollars."

The defendant insists that upon this finding, on this issue, judgment should have been rendered for the defendant. A sufficient answer to this claim is the fact that it is not found true that the plaintiff accepted the deed with full knowledge of all the circumstances. The material and all-important fact that the deed did not convey to the plaintiff a right in fee to the sewer was then unknown to him. It is found that he supposed that it was in full performance of the contract, but in fact it was not. It would be inequitable to hold him concluded by a mistake of this character—a mistake by which, without fault on his part, he failed to receive what he bought and paid for. The mistake, it is true, was as to the legal effect and operation of the deed under the circumstances, but it has in it nevertheless so large an element of fact that the case is brought directly within the principle of *Blakeman* v. *Blakeman*, 39 Conn., 320. The question in that case related to a right of way over adjoining lands which the parties supposed existed, but which in fact had been extinguished by operation of law. In an application to reform the deed it was held that the mistake was so much a matter of fact that a decree was entered correcting it. So in this case the right which the plaintiff purchased, and which the defendant intended he should receive, was not in fact conveyed to him.

The fourth, fifth and sixth reasons of appeal may be considered together; for they all depend upon the validity of the claim that the deed conveyed to the plaintiff a right, not merely to use the sewer so long as it should exist, but to have it remain permanently, thus constituting an easement in the adjoining land.

It is attempted to sustain this claim by an implication from the deed given by the defendant and his brother to Osgood, together with the reservation contained in the deed to the plaintiff. It is practically admitted that the latter deed alone conveys no such right, but it is insisted that the defendant having reserved a right to connect with this sewer on the adjoining land, and the right thus reserved having been expressly conveyed to Osgood, there arises an implication that the adjoining land is subject to an easement in the plaintiff. We fail to appreciate the force of this reasoning. We do not see how it is that, in a deed from the defendant and his brother to Osgood, anything can be conveyed even by implication to the plaintiff, a stranger to that deed. The most that can be said is that that deed recognizes the existence of the sewer. The reference to it was not for the purpose of benefiting the plaintiff, but for the purpose of defining an interest granted to Osgood. The language is— " together with the right to connect sewer pipes with the sewer now leading from said Butterfield's land to the Church street sewer." The deed contains this further clause—" and said premises are conveyed subject to such rights, if any, as said Butterfield has to maintain a sewer across said premises." Surely this is not appropriate language to convey anything to Butterfield. Its object evidently was to save the grantors contingently from any liability on their covenants. It contains a significant intimation that the grantors do not admit that the plaintiff has any right to maintain the sewer. Aside from the fact that the plaintiff is a stranger to that deed, it is impossible for us to construe its language as conveying any right to him.

Osgood's deed to Mrs. Cassidy contains the same provisions ; and what we have said in regard to the deed to Osgood applies equally well to the deed from him.

It is further insisted that the plaintiff's deed, in connection with the facts of the case, operates to convey an easement. On the one hand it is conceded that, if the defendant had owned the adjoining land in severalty, the deed would have conveyed a permanent easement. On the other hand

it is conceded that, inasmuch as he owned only an interest as tenant in common, the deed of itself will not have that effect. But it is contended that, the other tenant in common having assented to the construction and use of the sewer by the defendant, and knowing of the contract with and conveyance to the plaintiff, and making no objection thereto, he thereby subjected his own interest in the joint property to the servitude, upon the same principle and for the same reason that when one co-tenant gives a deed of a portion of the joint property in severalty, and the other tenant confirms or ratifies the deed, the conveyance will be valid. *Hartford & Salisbury Ore Co.* v. *Miller,* 41 Conn., 112 ; *Stevens* v. *Town of Norfolk,* 46 id., 229.

To make that principle applicable it must appear that the defendant's brother confirmed the deed in such a manner as to bind his assigns. A distinction is to be observed between a man's binding himself and binding his estate. The former may be by conduct which will estop him ; the latter can only be by deed, express or implied ; that is, it must in some way be impressed upon the title so that the record will fairly give notice of its true condition. In this case John R. McNamara tacitly or verbally consented to the construction and use of the sewer ; he knew of the contract with the plaintiff, and of the deed to him ; and he made no objection. Now these acts might well enough be held to estop him from objecting to the right of the defendant and his grantee permanently to maintain and use the sewer. But the question here is, not what right has John R. McNamara to interfere, but what right has Mrs. Cassidy to do so ? Obviously she stands in a much more favorable condition. She has done nothing by which the defendant has been misled or deceived. She derived her title legitimately, and as the title was clear on the record she took it free from any cloud or incumbrance and unaffected by the conduct of John R. McNamara.

In this connection the defendant cites *Goodwin* v. *Keney,* 49 Conn., 563. That case does not support him, being wholly unlike this. A mortgage was given by one tenant in common of a part of the common property by metes and

bounds. All parties acquiesced in it for more than thirty years. At one time one person owned both the mortgage and the equity of redemption. She subsequently sold the mortgage to the plaintiff and transferred it by deed. One of the respondents afterwards acquired her interest in the equity of redemption. It was held that the respondent, being in privity with the mortgagor, could not deny the validity of the mortgage.

We conclude then that the plaintiff's deed conveyed to him no right to maintain the sewer across the adjoining land, and that he could not have restrained Cassidy from destroying it.

There is no error in the judgment complained of.

In this opinion the other judges concurred.