Bryant v. Prewitt, &c.

CASE 85.—ACTION BY ROBERTA S. BRYANT AND OTHERS
AGAINST ALEX PREWITT AND OTHERS, TO RE-
COVER LAND.—March 16, 1909.

# Bryant v. Prewitt, &c.

Appeal from Laurel Circuit Court.

JAMES D. MORRIS, Special Judge

Judgment for defendant Prewitt.   Plaintiffs appeal
—Affirmed.

1. Pleading—Defects—Aider by Subsequent Pleadings and Verdict.
—Any failure of the answer of a defendant in ejectment to
comply with Civ. Code Prac. section 125, in setting forth the
tracts claimed by him, it merely alleging that he claims and
owns a boundary of land which he understands is within the
outside limit of the boundary set out in the petition, following
which is a description of the tracts claimed, is cured by the
pleadings and verdict; the reply admitting that the tracts
claimed by defendant were within the outside boundary set out
in the petition, and there being a verdict for defendant after
evidence was heard on the issue.
2. Champerty and Maintenance—Champertous Deed.—A deed by
a trustee to his cestui que trust, made pursuant to the judg-
ment of a court of another state, in which some of the land
included in the trust was situated, on application by the
trustee to the court for authority to settle his trust and
reconvey the property, is not champertous, though one is in
adverse possession.
3. Adverse Possession—Purchase of Outstanding Claim—One is
Not Estopped to Claim.—One does not stop his adverse posses-
sion by taking a deed, simply as a means of quieting his own
title and preventing a lawsuit, from one making a claim to
part of the land.

BROWN & BROCK and T. Z. MORROW, for appellants.

H. C. CLAY and SAM C. HARDIN, for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

This action was instituted by Roberta S. Bryant and others, plaintiffs, against numerous defendants, including Alex Prewitt, to recover certain tracts of land. Defendant Prewitt had a separate trial, and the jury returned a verdict in his favor. From the judgment based on this verdict, this appeal is prosecuted.

During the progress of the case, the pleadings became very voluminous. Finally the petition was reduced to the allegations of ownership on the part of plaintiffs and the fact that each of the defendants wrongfully held possession of certain portions of the land. The answers were reduced to a denial of the ownership of plaintiffs, and a setting forth of the lands claimed by the several defendants, and pleas of adverse possession.

It is first insisted by appellants (plaintiffs below) that the appellee nowhere denied the allegation of the petition that he had for five years before the institution of the action been wrongfully in possession of the property. In this, however, appellants are mistaken. The second paragraph of appellee's answer contains a denial that he had wrongfully held possession of the land for the last five years, or for any other period of time. By amended answer, filed on June 21, 1907, defendant denied that plaintiffs, or any of them, were then, or ever were, the owners or

entitled to possession of the land described in the petition, or any part thereof. We are therefore of the opinion that the answer and aamended answer, constitute a sufficient denial of appellants' ownership and appellee's wrongful possession.

It is next insisted that appellee's answer, setting forth the tracts of land claimed by him, did not sufficiently comply with section 125, Civ. Code Prac. The answer uses the following language: "The defendant claims and owns a boundary of land which he understands is within the outside limit of the boundary set out in the petition herein," etc. Then follows a description of the tracts claimed by appellee. It appears, however, that plaintiffs afterward filed a reply, in which they admitted that the tracts claimed by appellee were within the outside boundary set out in their petition. Furthermore, the case went to trial, evidence was heard upon the issue involved, and a verdict returned by the jury. We therefore conclude that the defect, if any, in defendant's answer, was cured by the pleadings and verdict.

On the trial of the case two questions were submitted to the jury: The question of adverse possession of the defendant, and the question whether or not defendant was in possession of the tracts of land in question when the deed was made from Chamberlain, trustee, to Roberta S. Bryant and others. It is earnestly insisted by appellants that the court improperly permitted a recovery by defendant in the event he was in possession when the deed was made from Chamberlain, trustee, to Roberta S. Bryant and others. We think appellants are correct in this conclusion. Chamberlain had no interest in the land. He held it in trust for Mrs. Bryant and her children.

A portion of the land was located in Cook county, Ill., where the parties resided. Chamberlain applied to the courts there for authority to settle his trust and reconvey the property. All the parties were before the court. Judgment was given authorizing him to settle his trust and reconvey the property. The conveyance was made in pursuance of the judgment of the circuit court of Illinois. We are therefore of the opinion that the deed in question was not champertous. Saunders v. Groves, 2 J. J. Marsh. 406; Preston v. Breckinridge, 86 Ky. 619, 6 S. W. 641; Kidd v. Central Safe Deposit Co. (Ky.) 65 S. W. 355.

Although the instruction complained of was improper, we are of opinion that it was not prejudicial to the substantial rights of appellants. The latter proved neither actual nor constructive possession of the land in controversy. On the other hand, defendant showed that he entered upon the lands in 1877, had them surveyed in 1882, and took out a patent in 1884, and another patent in 1888. He marked out a well-defined boundary, and claimed possession to this boundary. No one else was in possession but him. There was a controversy between him and a man by the name of Hubbard as to a portion of the land involved, and he obtained a deed to this tract from Hubbard. It is insisted that this estopped adverse possession as to this particular tract. This is not the case, however. It was simply a means of quieting his own title and preventing a lawsuit. Defendant cultivated a large portion of the land in controversy. He claimed all of it to a well-defined boundary. At the time of the suit he had held this land adversely for more than 15 years. Plaintiffs

offered no evidence tending to rebut the evidence of defendant. The evidence of adverse possession on his part was all one way. Under these circumstances, defendant was entitled to a peremptory instruction in his favor. It matters not, then, whether the deed from Chamberlain, trustee, to Roberta S. Bryant and others, was champertous or not.

Judgment affirmed.