## Anderson v. Daugherty.

(Decided January 17, 1919.)

## Appeal from Bath Circuit Court.

1.  Champerty and Maintenance—Defense of Does Not Apply to Judicial Sales.—The defense of champerty does not apply to judicial sales and a sale made by a trustee in bankruptcy under orders and directions of the bankrupt court is a judicial sale within this rule. But such judicial purchaser will obtain no better or more enforceable title than the one held by the party whose interest is sold at the judicial sale, and if that title was champertous and non-enforceable in his hands, neither will the one obtained by the judicial purchaser be enforceable for the same reason.

2.  Appeal and Error—Law of the Case.—The law as announced upon the first appeal becomes the law of the case as between parties and privies in all subsequent trials of the same case.

W. S. GUDGELL and G. C. EWING for appellant.

JOHN A. DAUGHERTY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is the second appeal of this case, the opinion in the first one being reported in 169 Ky. 308. The matter involved is a contest over 43 acres of land situated in Bath county, Kentucky, and the first opinion states with great care and detail the facts upon which the respective parties base their claims, which will not be repeated here except in such general way as may be necessary to a proper understanding of this opinion.

Both parties to the controversy claim the land through the title held by one Millie Hornback, who owned it and who died intestate in 1900 leaving a husband, W. M. Hornback, who was entitled to an estate by curtesy in the land. The wife, at the time of her death, also left six children, who inherited the fee. In 1906 the sheriff of Bath county sold, or attempted to sell, the entire tract for the taxes due on it under the assessment for 1905, when the appellant and defendant below, David Anderson, became the purchaser and the sheriff, after retiring from office, executed a deed to him. By two deeds, one executed in 1910 and the other in 1911, T. J. Daugherty, the son of appellee and plaintiff below, obtained the curtesy interest of W. M. Hornback and the title in fee of

four of his children. Afterwards T. J. Daugherty became a bankrupt, and his trustee, under orders of the bankrupt court, at public sale, sold his interest in the tract, at which sale plaintiff became the purchaser and filed this suit in ejectment against the defendant, in which he sought to recover possession of the entire tract under his bankrupt deed, and also a cancellation of the tax deed executed to the defendant by the ex-sheriff upon several grounds which are stated in the former opinion, all of which were upheld in that opinion and that deed adjudged to be void.

In addition to denying the allegations of the petition the defendant, in his original answer, relied upon his tax deed and pleaded champerty in these words: "And the defendant has been in the open, notorious, continuous and adverse possession of said land, holding and claiming it as his own against all the world from about April 1, 1906, until the present time, and still so holds and claims." He then alleged in substance that at the times T. J. Daugherty purchased and obtained his deeds, both he and his father, the plaintiff, not only knew that defendant was in the actual, adverse possession of the land, claiming it as his own, but that they fraudulently conspired with each other and with W. M. Hornback and his four children, whose interests were purchased, to deprive defendant of his title and possession, and in furtherance thereof the son made the champertous purchases under which plaintiff claims title.

The case was transferred to equity, and after preparation submitted for trial and judgment rendered in favor of plaintiff, from which defendant appealed. In the former opinion that judgment was reversed upon the two grounds (a) that plaintiff failed to exhibit the deeds executed by W. M. Hornback and his children to T. J. Daugherty; (b) that even if he had exhibited such paper title it would not entitle him to recover the entire land, but only W. M. Hornback's curtesy interest and two-thirds of the remainder. It was further held that the testimony as it then appeared in the record did not show the character of possession held by defendant, which he claimed to be adverse. The opinion directed that "the parties may amend their pleadings and further prepare the case so as to present it for determination upon its merits if they desire to do so."

Upon a return of the case an amended petition was filed, and with it the deeds from W. M. Hornback and four of his children executed upon the dates hereinbefore stated. Additional proof was taken and upon a second submission of the cause the same judgment was rendered in favor of plaintiff, from which the defendant prosecutes this appeal.

It is now insisted by plaintiff that he cured the defect in his title pointed out in the first opinion and that defendant failed to show upon the second trial such adverse possession as would make the purchases of T. J. Daugherty champertous and that the judgment should be affirmed under the rulings of the former opinion. It is further insisted that if it be conceded that the testimony is sufficient to make defendant's holding adverse, so as to convert the title of T. J. Daugherty into a champertous one, then defendant should not succeed, since he failed to respond to the amended petition upon the return of the case or in any manner rely upon the champertous defense after that time.

In disposing of this last contention it is necessary only to refer to the excerpt from the original answer which we have already made, for that pleading remained in the case for all purposes until its final disposition, and it was unnecessary to reiterate it by answering each subsequent amended petition which might be filed. Moreover, it is not necessary, in order to defend against champertous transactions, that the statute invalidating them should be pleaded, provided the facts show the transaction to be of that character. Krauth v. Hahn, 23 Ky. Law Rep. 1261; Keaton v. Sublett, 109 Ky. 106, and Shaw v. Revel, 21 Ky. Law Rep. 348. The testimony taken by defendant after the return of the case conclusively shows that he was in the adverse possession of the land, cultivating and using it under a claim of right from some time about the first of the year 1908 until the taking of testimony, which covered both the times when T. J. Daugherty claims to have obtained his title and when plaintiff purchased at the bankrupt sale. This is proven by defendant, his son, and two brothers of W. M. Hornback, one of whom is Charley Hornback, who, it is claimed, was himself in possession of the land at the time defendant claims to have taken possession, holding it under a lease from W. M. Hornback. There is exhibited with the deposition of Chariey Hornback a written lease covering that period; but in his

testimony, given both before and since the first trial, he states that he did not take possession of the land under that lease, but on the contrary abandoned it, and the chief if not only reason why he failed to take possession under it was because defendant was in possession of the land and claiming it. Upon this point in his first deposition he testified: "Q. In the year 1908, when you say that you rented this land and did not get possession of it, did you notify W. M. Hornback that you could not get it? A. I did notify him, but not until May, and could not get possession. Q. You know about when T. J. Daugherty got this land, do you? A. It was about the year 1911, I think. Q. Did Dave Anderson have the possession of it at that time? A. He did." In his last deposition, taken since the reversal of the case, he says: "Dave Anderson then notified me when I got ready to go to plowing that he had a deed for it and that he wanted me to stay off, and I did stay off of it."

Under these circumstances it can hardly be insisted that W. M. Hornback, through his tenant, Charley Hornback, was in possession of the premises during the time covered by the lease, since the testimony shows that instead of Charley Hornback being in possession defendant himself was in possession, claiming to own the land. Other witnesses living upon premises adjoining the land or in the immediate neighborhood, tell of the character of defendant's possession, which clearly shows it to be actual, exclusive, and under a claim of title, which testimony is nowhere denied or attempted to be denied in the record, except the reliance on the alleged lease of Charley Hornback, above referred to.

It is also insisted that plaintiff obtained his title at a judicial sale, against which the statute of champerty does not operate, and that for this reason the defense of champerty should not prevail. The insistence is correct in so far as it states that champerty does not apply to judicial sales, and that a sale by a trustee in bankruptcy is a judicial one within this rule. Brown v. White, 153 Ky. 452; Carlisle v. Cassady, 20 Ky. Law Rep. 562, and Bryant v. Prewitt, 132 Ky. 799. So if the deed to plaintiff from the trustee in bankruptcy was the only one of a champertous nature in his chain of title, the rule contended for would apply. But, as we have seen, the deeds under which the bankrupt, T. J. Daugherty, obtained title from W. M. Hornback and the heirs were themselves

champertous, having been obtained at a time when defendant was in the possession of the land conveyed, claiming it as his own.

The law is that a purchaser at a judicial sale makes his purchase *caveat emptor*, acquiring no better title than that possessed by the one whose interest was sold. The rule upon this subject is well stated in 16 R. C. L. 138, thus: "A judicial sale carries only the interest, estate and rights in the premises that the parties to the proceeding had and could have asserted, no more and no less. The purchaser succeeds to their rights and attitude in respect of the property sold, 'takes their shoes,' stands in their place, acquires their interest as it existed in their hands," &c. But his title under some circumstances may not be affected by latent equities. Idem 139.

If it should be held that the plea of champerty could not prevail against a judicial purchaser when the title of the one whose interest he purchased was itself champertous and could not be asserted as against the one in possession, it would open the door to an easy nullification of the statute against champerty and thus enable designing parties through collusion and shrewd manipulation to set aside altogether that wholesome statute; for it would be an easy matter for the holder of the champertous title which he could not enforce to create a lien upon it in some way and afterward have the lien holder (or ostensible one) enforce his lien and purchase the land at the judicial sale and thereby obtain title, against which the plea of champerty would be unavailing. The law does not and will not give its sanction to any rule which would result in curcumventing the public policy as declared in the statute against champerty. Besides, in the former opinion rendered in this case it was held that if defendant's possession was shown to be of such a nature as to make it an adverse one within the purview of the champerty statute at the times when T. J. Daugherty obtained his deeds from W. M. Hornback and others, plaintiff (who claims title through such deeds) could not recover. Upon this point it was therein said: "Hence, if any sale and conveyance was made by William Hornback to any one under whom appellee claims title, prior to the sale and conveyance in the bankruptcy proceedings, at a time when the appellant was in the adverse possession of the land, such sale and conveyance was champertous and void." This holding is binding upon plaintiff under the

well known rule that the first opinion in a case, although it might be erroneous, becomes the law of that case in all subsequent trials.

For the sole reason that the testimony upon the last trial established that defendant was in the actual, adverse possession of the land, claiming it as his own at the time T. J. Daugherty purchased his interest, we are compelled to and do find that plaintiff's title is champertous and can not be enforced as against the defendant, and the judgment is reversed with directions to dismiss the petition, and for proceedings not inconsistent herewith.