## Stone v. Miller.

(Decided May 19, 1933.)

S. H. RICE for appellant.
HUGH RIDDELL for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal prosecuted by John P. Stone seeking a reversal of a judgment of the Estill circuit court against him and in favor of Floyd Miller for $362.50, interest and costs.

The facts as disclosed by the record appear to be as follows: In January, 1924, a judgment was recovered by the plaintiffs in the case of John D. Winn et al. v. C. H. Sams et al. for the mortgage debt therein sued for and a lien of mortgage adjudged upon certain lands in the petition described and same directed enforced by master commissioner's sale thereof.

Pursuant to the direction of this judgment, a judicial sale was made of these lands on April 14, 1924, when the appellant, John P. Stone, became the successful bidder therefor at the price of $1,025. The sale was duly thereafter confirmed at the same April term of the court. In January, 1925, before the master commissioner's execution of deed to the land to its purchaser, John P. Stone, he, pursuant to some negotiations had with the appellee, Floyd Miller, disposed of his accepted bid and interest in the land to Miller for $1,450, and, in consummation of their agreement, an agreed order was thereupon duly made and entered of record, whereby the master commissioner was directed to make a deed for the land directly to Miller. The deed was accordingly so made by the master commissioner to appellee, Miller, with a lien reserved therein for the payment of the agreed purchase price of $1,450 to the appellant, though it further appears that the appellant, Stone— not his vendee, Miller—executed the required purchase-money bond to the commissioner for the land.

Some months thereafter, Floyd Miller sold and conveyed this land, thus acquired, by general warranty deed to one Sam Stone, at the increased price of $1,672, who thereupon took possession of it and paid him for same.

Some time soon after these transactions, there was filed in equity a suit entitled Wilcox et al. v. Sams, wherein the plaintiffs, suing as the alleged heirs at law

of John Sams, sought a recovery of a child's part or an one-fourth interest in all the lands of John Sams, which plaintiffs claimed had descended, upon his dying intestate, to their mother, a daughter, and his other children and widow. The lands here involved in the instant case, it is admitted, were a part of the land involved in the Wilcox suit, supra, against the John Sams estate. In that suit, plaintiffs' claim, as heirs at law of John Sams, to a one-fourth interest in all the lands descending to his estate, was sustained upon appeal to this court, and such part and interest therein adjudged them. See Wilcox v. Sams, 213 Ky. 696, 281 S. W. 832.

From such determination of title and division of the John Sams lands, it followed that there resulted a deficiency, by a one-fourth part, in the acreage of land involved in the above foreclosure proceedings and later purchase, sale, and resale of it by the parties hereto, with the result that Sam Stone, as Miller's vendee of it, under warranty deed, demanded of him reimbursement of purchase price paid him for such fourth part of it, as he failed to receive the whole, but only three-fourths of the land thereby conveyed, because of its one-fourth part being adjudged to belong to others of John Sams heirs. Miller made restitution or repaid his vendee the price received from him for this acreage deficiency of a one-fourth part of the land he sold him, and then, in turn, Miller demanded of the appellant, John P. Stone, his own vendor, the like repayment to him of one-fourth part of the purchase price of $1,450, which he had paid the appellant, Stone, therefor, basing his demand upon the same ground urged against him by Sam Stone, that there had resulted a defect of title or deficiency in this acreage conveyed him, with a corresponding failure of consideration to such extent for such part of the purchase price paid him.

Appellant, however, refused appellee's demand for repayment, upon the ground that he had not sold, nor agreed to sell, him this land, but had only assigned him, for an agreed consideration, his successful and accepted bid made therefor at its judicial sale to him, and with which he claimed there went no warranty either of title or quantity, but was, rather, controlled by the rule of caveat emptor, as applicable thereto.

Miller thereupon filed his petition in equity against appellant (defendant below), seeking to recover this

one-fourth of the amount paid him, or the sum of $362.50, alleging in his petition that such part of the purchase price was paid the defendant without consideration therefor. Miller did further, by his amended petition, aver that, after the defendant, Stone, had bought the land at the commissioner's sale of same, as stated in the petition, it was agreed between them that the said Stone was to procure deed thereto and was to convey the same to plaintiff by deed with covenant of general warranty, and that thereafter, when such sale to Stone had been confirmed, it was further agreed between them that, for the purpose of saving costs of transfer, the land should be conveyed by the master commissioner directly to the plaintiff; but that such plan of conveyance contemplated no waiver of his, Miller's, contract right to receive a warranty deed thereto, nor was it merged in the commissioner's deed executed to him, without warranty. Miller averred that the said agreement was drawn up by appellant, in writing, but that same had been lost or mislaid and could not be produced.

Appellant filed answer, traversing the allegations of the petition, and, further pleadings being filed, making up the issues, proof was taken and the cause submitted. Judgment was thereupon rendered for plaintiff, granting the relief prayed for.

Complaining of this judgment, this appeal is prosecuted.

The questions thus presented are: (1) Was the contract had between Stone and Miller for the transfer of this land one, as contended for by appellant, constituting only assignment by Stone to Miller of his successful bid or purchase made at the judicial sale of these lands, and therefore one to which the rule of caveat emptor applied, upon the ground that the assignee of his bid secured thereunder only such right or interest in the land as passed to purchaser under the commissioner's deed thereto, or, on the other hand, was it a sale and conveyance by Stone, made after confirmation of the commissioner's sale to him, of an interest in the land, or the land, so acquired, to him? or, yet again (2) Was it a sale of the land to Miller made under or pursuant to title bond or written contract alleged made by Stone, agreeing to convey Miller the land by general warranty deed?

Inasmuch as Stone directed a conveyance of the land to be made to Miller by the commissioner only after there was a confirmation of the report of sale to Stone, the transaction is not to be regarded as constituting a mere assignment by Stone of his bid to Miller, and a fortiori was not such when the evidence shows that such was not the intended nature of their contract, from the admitted fact that appellant, Stone (not Miller, his alleged assignee), recognized that his contract with Miller was such that he remained liable, as purchaser of the land at the judicial sale, to the commissioner for his purchase price bid therefor, and, recognizing his continuing status and liability therefor as the judicial sale purchaser thereof, thereafter executed to the commissioner his own purchase money bond therefor. It is manifest that, if the parties intended or understood that under their agreement Miller became thereby merely the assignee of Stone's bid, he would have, as such assignee, stepped into Stone's shoes and carried out his assumed obligation, thus incurred, under assignment as purchaser at a judicial sale, and would himself have executed bond to the commissioner for the amount of this bid assigned him. The rule of caveat emptor is generally held to apply to a purchaser of land at a judicial sale, after a confirmation of the sale by the court, when "the buyer becomes then a purchaser in the full sense of the term and the substantial owner of the property sold him." 16 R. C. L. sec. 83. Yet the caveat emptor doctrine does not then further apply to a transfer of his bid, as it is then after confirmation the conveyance of a property right in the purchaser, and this harsh rule, perhaps required by the policy of judicial sales, should not and does not apply to or unjustly shield a resale by the purchaser of his then acquired right or interest in the property against just claims of his vendee arising out of his vendor's defect of title. Anderson v. Daugherty, 182 Ky. 800, 207 S. W. 474; Beale v. Stroud, 191 Ky. 755, 231 S. W. 522; Rochester v. Owen, 197 Ky. 170, 246 S. W. 32; Kaze v. Wheat's Guardian, 223 Ky. 719, 4 S. W. (2d) 723; Farmers' Bank v. Peter, 13 Bush, 591. In other words, though a purchaser at a judicial sale holds his interest or right in the land so acquired under the caveat emptor rule, he does none the less acquire an interest or property right in the land after confirmation of the sale to him, with the result that his then disposition of this interest

in the purchased land to another, as under the circum-
stances here shown made, constitutes in his sale of it a
conveyance of an interest in land rather than a mere
assignment of a bid therefor. His vendee, in such case,
takes from him, as his grantee, a right to receive such
interest in the land as the agreement undertakes and
purports to convey, according to the terms of the con-
tract. And, since the sale or transfer of the interest of
the purchaser at a judicial sale, after its confirmation,
thus constitutes a conveyance of land, or of an interest
in land, the caveat emptor rule, while applicable and
adhering to purchaser's title acquired under the judicial
sale to him, does not so qualify and limit the right and
title transferred by such purchaser to his vendee, as the
latter takes, not merely an assignment of such right and
title as his assignor secured under this caveat emptor
rule, applicable to and qualifying a purchaser's right
of title and warranty acquired by judicial sale, but takes
rather under and according to the legal rule applicable
between vendor and vendee of lands or subject to the
terms of the contract for its resale had with him. From
this it would follow that, if there is discovered to exist
a material deficiency in the quantity of land purported
to have been sold or that he has received but a part of
the whole that he bought and paid for, by reason of
which there results a pro tanto failure of consideration,
the general rule of good faith and fair play may be in-
voked to compel a restitution by the vendor of such
part of the purchase price received as to which a failure
of consideration therefor is shown to exist, to the end
that the vendor may not be permitted, by its wrongful
retention, to thereby, against the dictates of good con-
science, unjustly enrich himself at the expense of his
vendee.

We conclude, also, that plaintiff was entitled to
here recover the purchase price paid for this one-fourth
interest in the land which he had not received under de-
fendant's conveyance thereof to him, for the further
reason that, according to the pleadings and evidence, it is
averred and testified by plaintiff that this land in ques-
tion was by defendant directed conveyed him by the
commissioner under and pursuant to a written contract
had between them, providing that, in consideration of
the price of $1,450, the defendant was to convey the
whole of the land in question to plaintiff by his general
warranty deed. Appellant, in testifying against such

claim so positively asserted and testified to by appellee, does not substantially deny or controvert it, but rather testifies only by evasion of the claim by stating, not that he did not so agree or promise, but only that he does not remember to have made or executed such written agreement for the warranty deed, or that, if he did so in fact, he does not remember it. Such qualified denial is not a good traverse as required by the Code. It may well be, therefore, that the learned chancellor concluded from this uncertain and qualified testimony of the appellant, which failed to effectually controvert the appellee's (Miller's) statement that there was made or that he had received such writing so providing for a warranty deed from the appellant, and was in substance and legal effect equivalent to an admission, that he had given such writing for a warranty deed, to appellee. Had he therefore conveyed the land subject to a written contract or title bond for a warranty deed, appellant would clearly have been liable thereunder for the breach of his warranty of title thereto, upon the later discovery that the title was defective as to an one-fourth part of the land he thereby promised to convey him, and, such being found to be the condition of the record by the learned chancellor, he was amply justified and sustained in finding upon this evidence the appellant guilty of and liable for a breach of the alleged given warranty of title to the land conveyed appellee, which entitled him to the relief of restitution of this overpayment of $362.50 made to appellant, for which overpayment the consideration therefor had failed, as was prayed for and adjudged.

We therefore having so concluded for the reasons above stated, it follows that the finding and ruling of the learned chancellor, being in accord therewith, is correct.

Judgment is affirmed.