IRVING TRUST COMPANY ET AL., TRUSTEES v.
ALICE B. ATWOOD

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 67970

Memorandum filed December 24, 1946.

*Nevas & Nevas,* of South Norwalk, for the Plaintiffs.

*Keogh & Candee,* of South Norwalk, for the Defendant.

KING, J.  The demurrer asserts that the second special defense is inefficacious because the New York statute therein referred to and relied upon is inapplicable "since no personal jurisdiction over the defendant was obtained in the foreclosure proceedings referred to in said Second Special Defense".

It nowhere appears in the complaint or in this special defense that no personal jurisdiction was obtained in the foreclosure action.  The defendant's counsel in oral argument stated that the first special defense showed that there was no personal jurisdiction.  Even if this were correct, it would be immaterial. " 'A demurrer, in opening a record, opens only that branch which it terminates'." 41 Am. Jur., 456, § 233.  Here the branch terminated by the demurrer would consist of the complaint and the second special defense.  The first special defense is not attacked by, and so is not included in the branch of the record terminated by, the demurrer.  *Santoro* v. *Kleinberger,* 115 Conn. 631, 633.

It thus appears that the recital in the demurrer of the absence of personal jurisdiction is an allegation of fact which makes the demurrer a "speaking demurrer." *Andrews Industries, Inc.* v. *Andrews,* 14 Conn. Sup. 305.

For the foregoing reasons the demurrer to the second special defense must be, and is, overruled on all grounds.