IDA FANFESTI *v.* PAUL ENGLEHARDT

COURT OF COMMON PLEAS   NEW HAVEN COUNTY   FILE No. 77963

Memorandum filed December 5, 1967

*Carl E. Cella,* of Wallingford, for the plaintiff.

*G. Randolph Erskine,* of Wallingford, for the defendant.

ZARRILLI, J. The defendant's demurrer attacks the legal sufficiency of the plaintiff's pleading entitled "By Way of Special Reply." Therein, the plaintiff alleges the execution and delivery of deeds conveying and reconveying to and from the Church of Nazarene and the plaintiff certain land incorrectly described in the original conveyance to the church. The demurrer is based on the ground that the corrective deeds do not constitute a defense to or an avoidance of his special defense that the plaintiff is estopped to claim the land described in the complaint because of her admission in the original deed to the church designating the defendant as the owner of property on the east; by causing a map to be drawn and recorded likewise indicating the defendant to be the owner of the property adjoining on the east; and by her public statements to the planning and zoning commission of the town of Wallingford to the same effect.

As authority for such claims, the defendant cites the case of *Stow* v. *Wyse,* 7 Conn. 214, 220. That case involves the question of the authority of an agent to execute and deliver a deed on behalf of a corporate principal. The ruling of that case is correct in so far as it holds that an agent is estopped from disputing his authority where he has admitted such a fact by his deed. It can hardly be cited,

however, as authority for the proposition that a property owner who incorrectly designates the owner of adjoining property in a deed of conveyance is estopped from thereafter correcting such error or from disputing his ownership of such land. Nor does *Billings* v. *McKenzie,* 87 Conn. 617, 620, support the defendant's claim. There the grantor recited in his deed that the land conveyed was bounded on one side by a street. Such a recital obviously estops him from making an assertion to the contrary or to question the right of the grantee to use the street as a passway. Here, we have an assertion by the grantor to the effect that a third person, who is not a party to the deed itself, is the owner of abutting property. If such a statement has been incorrectly made, it should be correctable. Such a conclusion is based on commonsense and ordinary logic. Since there was no intention to convey an interest in the land to him, he is nothing more than a stranger to the deed. *Butterfield* v. *McNamara,* 54 Conn. 94, 99. The case of *Kratochvil* v. *Cox,* 129 Conn. 246, wherein the grantor sought to invalidate his deed to the highway commissioner, cannot stand as authority for the defendant's claims.

One other matter requires attention. The plaintiff contends in her brief that a demurrer opens all the pleadings and permits a search to be made of the whole record, and that, based upon this proposition, the court now has the authority to review not only the pleading under attack but the answer as well and to enter judgment against the party who made the first substantial error in pleading. She further claims that the defendant, having failed to obey the requirements of § 47-31 of the General Statutes in filing his answer, as hereinafter described, is vulnerable to attack by his own demurrer, and, in conclusion, that "a demurrer

[should] be sustained against the defendant's answer." See *White* v. *Avery,* 81 Conn. 325, 328; *Irving Trust Co.* v. *Atwood,* 15 Conn. Sup. 114; Stephenson, Conn. Civ. Proc. § 94e, p. 193.

This is an action to quiet title, brought under § 47-31 of the General Statutes. It is a statutory action wherein the manner of proceeding is prescribed by the statute, which is mandatory and must be strictly complied with. *Beach* v. *Trumbull,* 133 Conn. 282, 289. The party bringing the action is required, among other things, to allege the manner in which he acquired his claim, interest or title, while, on the other hand, a party defendant must, in his answer, state whether or not he claims any estate or interest in, or encumbrance on, the property in question and must state other items as spelled out in the statute. In this respect, the pleadings are artlessly drawn by both the plaintiff and the defendant. The plaintiff alleges in paragraph two of the complaint two conveyances whereby her title has been acquired. Thereafter, in the pleading entitled "By Way of Special Reply," technically called a replication, she sets up additional allegations to correct the deeds executed to the church as grantee, but serving also to indicate the source of her present title. This should have been done either in the original complaint or in an amendment thereto. The defendant, likewise, has failed to comply with the statutory requirement of stating in his answer what interest, if any, he has in the property in question, the nature and extent of the interest, and how it was acquired by him.

In the interest of clarity and proper pleading, it is suggested that the parties file a substitute complaint and answer, in compliance with the mandate of the statute. The rule that a demurrer opens the whole record and permits it to be sustained against the party who made the first substantial error in

pleading is inapplicable to the case at bar for the reason that the plaintiff herself is guilty of such an error. In fact, both parties are in pari delicto.

The demurrer is overruled.