**Cecelia OTT, Respondent,**

v.

**Robert M. HOFFMEIER et ux., Appellants.**

**No. 35872.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 23, 1975.

---

1. *State v. Rutledge*, supra, contains an excellent and extensive recitation of the current law relating to proper identification procedures.

Dearing, Richeson, Roberts & Wegmann, Hillsboro, for respondent.

Steiner & Fenlon, Joseph A. Fenlon, Clayton, for appellants.

CLEMENS, Presiding Judge.

Defendants husband and wife appeal a trial-court ruling for plaintiff on her claim to quiet title by adverse possession.[1] Plaintiff claims she and her husband, now deceased, and their predecessors in title have had possession and control over the disputed tract for 47 years. The land in dispute, lying between the parties' farms, is a small triangular tract, that part of a 40-acre quarter-quarter section *lying northwest of the county road.* Although neither plaintiff nor defendants introduced evidence of record title, the trial theory was that although defendants owned the entire 40 acres, the triangular tract was arguably plaintiff's by adverse possession.

The triangular tract is enclosed by a fence, kept in repair by plaintiff, and has been inside that fence since long before plaintiff and her husband purchased their adjoining tract in 1955. Theresa Pyle, who with her husband sold their farm to plaintiff and her husband testified the triangular tract had always been part of their farm. Plaintiff, her husband, and their predecessors in title, the Pyles, since 1928 have used the tract for grazing and cutting timber, always treating it as their own.

■ Defendants first challenge plaintiff's proof of location of the boundaries of the triangular tract. In finding for plaintiff the trial court used the description of the property in plaintiff's petition. Defendants in their answer accepted this description, referring eight times to plaintiff's description of the disputed tract. Defendants' failure to challenge plaintiff's legal description removes the issue from our consideration. Rule 55.09, VAMR (1973), formerly Rule 55.11, in effect at the time of the trial.

■ Defendants also contend certain necessary parties were not joined in this cause, namely the intestate heirs of plaintiff's de-

---

1.  A lien holder and its trustee were made parties defendant, but have disclaimed interest.

ceased husband. The evidence showed that title by adverse possession was established in the plaintiff's predecessors in title. Since it was their intention to convey their interest in their entire farm to plaintiff and her husband, the transfer created an estate of the entirety. *Crane v. Loy*, 436 S.W.2d 739[3–5] (Mo.1968). Since plaintiff survived her husband she is the sole fee title holder. The husband's heirs had no title and were not necessary parties.

Plaintiff, in an obvious attempt to settle the case without litigation, twice proposed a conveyance of the triangular tract from defendants to herself for a nominal consideration. Defendants' last contention is that plaintiff's attempt to acquire title to the property from them by deed was an admission plaintiff had no claim of right to the land. This attempted settlement of the dispute does not weaken the effect of plaintiff's claim of right. *Moran v. Roaring River Dev. Co.*, 461 S.W.2d 822[3] (Mo.1970) and cases cited therein.

Judgment affirmed.

KELLY and STEWART, JJ., concur.