[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs homeowners have sued the defendant contractor for damages alleged to have been suffered as a result of the defendant's breach of contract in building an addition to their home. The third count of the complaint claims damages arising out of the failure of the contractor to comply with the requirements of the Connecticut Home Improvement Act, Sections 20-418 through 432 of the General Statutes. More specifically, paragraphs 5a. and b. allege that the contract "does not contain the appropriate three day rescision [rescission] clause in violation of § 20-249(3)" and that "all change orders were not in writing and did not conform to said act in violation of § 20-429(1)".
The defendant has filed an answer consisting of a general denial including a denial of the above allegations, two special defenses and a "counterclaim, setoff and recoupment". In the first count of the counterclaim the defendant alleges that the plaintiffs themselves breached the contract and acted "in bad faith by allowing and encouraging the defendant and his sub-contractors to render services and supply materials to the Oxer residence".
In the second and third counts which allege respectively, unjust enrichment and quantum meruit, no additional or different designation of bad faith is made. CT Page 10449
The plaintiffs move to strike all three counts of the counterclaim on the grounds that the defendant is barred from recovery under the rules announced by our Supreme Court in its 1990 trilogy of home improvement cases: Barrett Builders v. Miller, 215 Conn. 316; A.Secondino and Son, Inc. v. LoRicco, 215 Conn. 236; andLiljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345. These rules have been further refined in Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240 (1992) and Habetz v. Condon, 224 Conn. 231 (1992).
The defendant resists the motion to strike initially on the grounds that in order for the court to resolve the motion it must have resort to the contents of the contract itself which the defendant does not allege in the counterclaim. The defendant argues that the necessity for reference to a document outside the pleadings renders the motion a speaking motion to strike which is improper. Ryan v. Knights of Columbus,82 Conn. 91, 92 (1909).
But the motion to strike which is of course identical in purpose and scope to our late demurrer, Cavallo v. Derby Savings Bank,188 Conn. 281, 283 (1982), searches the record of those pleadings which are implicated by the motion. Irving Trust Co. v. Atwood,15 Conn. Sup. 114 (1946). The pleadings which are directly implicated by this motion in this case are: first the counterclaim; second the complaint and finally the answer. In examining these pleadings it is apparent that paragraph 8 of the third count of the complaint alleges three specific ways in which the contract violates the Home Improvement Act. However, paragraph 5 of the third count of the defendant's answer denies these allegations. As a result, the usual maxim that a motion to strike admits the truth of all allegations well pleaded, Verdon v. TransAmerica Ins.Co., 187 Conn. 363, 365 (1982) does not apply. For this reason the court would have to go outside the pleadings to the contract itself to find the admission, which of course cannot be done.
Most of the trial court decisions which have dealt with similar issues have held that failure of compliance with the Home Improvement Act is properly raised by special defense. D.H.R. Construction v. LamplightCondominium Association, CV No. 502051, Superior Court Hartford/New Britain, February 10, 1994, Burns, J.
The motion to strike is denied.
MOTTOLESE, J. CT Page 10450