[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was initiated by complaint dated October 13, 2000, and returnable to court on November 14, 2000. It is a claim to quiet title based on a claim of adverse possession. The disputed property consists of two parcels on the westerly boundary of the property of the plaintiff and the easterly boundary of the property of the defendants on Steeples road CT Page 2652 in the Town of Washington, Connecticut. The first piece set out in Exhibit A of the plaintiff's complaint will be hereinafter referred to as the "First Parcel." The second piece set out in Exhibit A of the plaintiff's complaint will be hereinafter referred to as the "Second Parcel." The defendants are the record title owners of the parcel known as Lot 10 on the north side of Steeples Road ("Lot #10") and the plaintiff is the owner of record of the parcel known as Lot 12 on Steeples Road (Lot #12") and the parcel known as Lot 10A on Steeples Road ("Lot #10A"). Trial was held before the court on September 19, 2001. The plaintiff seeks the following:
 1. A judgment determining the rights of the parties in or to the land and setting the title thereto.
 2. A permanent injunction enjoining the defendants, their heirs, successors and assigns from using or interfering with the plaintiff's use of the land that is the issue of this claim.
 3. The granting of a life estate to said parcel of land to the plaintiff.
 4. Such other relief in law and equity that the court deems proper.
FINDINGS OF FACT
Based upon the probative and credible evidence, the court finds the following facts.
 — The plaintiff and the defendants are the owners of adjoining properties on Steeples Road in Washington, Connecticut
 — The defendants, Richard B. and Joanette Wright Johnson are the current owners of record of Lot #10
 — The defendants acquired title to Lot #10 by warranty deed from Massasoit Corp. ("Massasoit") on March 23, 2000
 — The defendants' predecessor in title, Massasoit, acquired title to Lot #10 in September 1984, by warranty deed from William Allan ("Allan")
— The plaintiff is the owner of record of Lot CT Page 2653 #12
 — The plaintiff acquired title to Lot #12 by warranty deed on January 15, 1993, from her mother Jeannette Allen ("J. Allen")
 — The plaintiff's father, Robert J. Allen ("R. Allen"), first acquired Lot #12 by warranty deed from Paerce Kearney on September 22, 1970
 — J. Allen acquired title to Lot #12 from her husband, R. Allen, by quitclaim deed on January 16, 1979
 — J. Allen acquired title to a triangular piece of land known as Lot #10A from Massasoit on April 2, 1985
 — The plaintiff and her predecessors in title exclusively maintained from 1970 to 2000 the area set out as the First Parcel in Exhibit A of the plaintiff's complaint
 — On November 20, 1984, the plaintiff's father, R. Allen, and Robert B. Shea ("Shea"), the president of Massasoit Corporation, met at the site to discuss the boundary line of Lot #12
 — There were no discussions at the meeting of November 20, 1984, regarding the First Parcel
 — The only communication related to the First Parcel was a letter of January 15, 1986, that Shea had sent to R. Allen inquiring about a certain wood pile that was located on the First Parcel
 — The plaintiff and her predecessors continued to maintain the First Parcel subsequent to the transfer of Lot #10A
DISCUSSION
In order to establish title through adverse possession, the plaintiff must prove by clear and convincing evidence that the defendants or their predecessors in title "shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, CT Page 2654 visible and exclusive possession of the claimant without license or consent of the [defendants]." Oak Leaf Marina, Inc. v. Ertel,23 Conn. App. 91, 94 (1990); General Statutes § 52-575.
An adverse possessor may interrupt her continuous possession by acting in a way that acknowledges the superiority of the real owner's title. SeeLazoff v. Padgett, 2 Conn. App. 246 (1984).
 "The possession of one who recognizes or admits title in another, either by declaration or conduct, is not adverse to the title of such other. . . . Occupation must not only be hostile in its inception, but it must continue hostile, and at all times during the required period of fifteen years challenge the right of the true owner, in order to found title by adverse use upon it. . . .
 Such an acknowledgment of the owner's title terminates the running of the statutory period, and any subsequent adverse use starts the clock anew."
 (Citations omitted; internal quotation marks omitted.) Kramer v. Petisi, 53 Conn. App. 62, 71 (1999).
"A recognition by the adverse claimant of title in the owner will arrest the running of the period of limitations." Pharr v. Davis,
Superior Court, judicial district of New Haven at New Haven, Docket No. 404233 (April 30, 1999, Demayo, JTR.), citing, 5, Thompson on Real Property, § 2548, p. 6330. Negotiations or offers to purchase property from the owner as a means of settling a dispute over rightful ownership do not constitute an admittance that the record owner has title and, therefore, do not interrupt possession. "A Practical Guide To Disputes Between Adjoining Land-Owner-Easements," Bachman and Thomas, 2001 Mathew Bender, Ch. 7-19, § 7.03 [4] [b]; see also, Otto v.Hoffmeier, 528 S.W.2d 166 (Mo. 1975) (an attempt to secure a deed from the record owner was not a denial of possessor's claim of right.); Fosterv. Foster, 100 So.2d 19 (Ala. 1958) (an attempt by the possessor to obtain a deed from the record owner merely manifests knowledge that the possessor does not have a valid claim and does not defeat the adverse character of the possession.) Generally, possession is "interrupted where the adverse possessor accepts a deed from the record owner." "A Practical Guide To Disputes Between Adjoining Land-Owner-Easements," Bachman and Thomas, 2001 Mathew Bender, Ch. 7-19, § 7.03 [4] [b]; 3 American Law on Property, § 15.9, p. 812; Kramer v. Petisi, supra. However, if the "deed includes only a portion of the property so possessed, or otherwise fails to settle the controversy, it is should not be conclusive." 3, CT Page 2655 American Law On Property, § 15.9, p. 812; see also, Bryant v.Prewitt, 132 Ky. 799, 117 S.W. 343 (1909) (taking of deed to quiet title not an interruption when not in recognition of owner's title.); Ripleyv. Miller, 165 Mich. 47, 130 N.W. 345 (1911) (may buy outstanding claims without abandonment of adverse claim.).
In this case, neither the plaintiff nor her predecessors in interest acknowledged or admitted that the record owner has title to the First Parcel. Here, there was one meeting in which R. Allen and Shea, discussed R. Allen's concern over the location of a boundary. The transfer of Lot #10A by deed on April 2, 1985, does not interrupt the plaintiff's possession of the First Parcel because that portion of the property was not part of the transfer of April 2, 1985. The plaintiff continued the open, notorious use subsequent to the April 2, 1985 transfer, therefore, never breaking the adverse possession period. Since more than fifteen years have passed from September 22, 1970, to March 23, 2000, the plaintiff has met the statutory fifteen year requirement. The First Parcel has been uninterruptedly used by the plaintiff and her predecessors in interest exclusively and to the exclusion of others from 1970 to 2000. The plaintiff never sought permission or consent from the defendants or their predecessors in interest to use and maintain the First Parcel. The plaintiff and her predecessors in interest made substantial improvements, such as planting flower gardens and trees and have maintained the First Parcel without consultation or consent from the title owners of Lot #10.
All actions to quiet title are governed by General Statutes § 47-31, the provisions of which are mandatory. DeVita v. Esposito,13 Conn. App. 101, 103-04, cert. Denied, 207 Conn. 807 (1988); Fanfestiv. Englehardt, 27 Conn. Sup. 349 (1967). The statute supersedes any common law action brought to determine record title or to claim any interest in real property. DeVita v. Esposito, supra, 13 Conn. App. 104.
General Statutes § 47-31 requires that the complaint describe the property in question, state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired the interest, title, or claim. It also must name each party claiming an adverse interest or estate. Koennicke v. Maiorano, 43 Conn. App. 1, 9 (1996). The plaintiff here has met those requirements.
"A person who claims title by adverse possession is claiming that although he does not have record title, his proof of possession which is adverse, open, notorious and continuous for the entire statutory period entitles him, in an action to quiet title to a judgment of ownership."Konikowski v. Everson, 42 Conn. App. 658, 659 (1996).
The plaintiff here has produced by clear and convincing evidence that CT Page 2656 the defendants were ousted from possession of the First Parcel and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession without a license or consent from the defendants.
The court does not find, however, that the plaintiff has produced such clear and convincing evidence as to the Second Parcel as set out in Exhibit A of the plaintiff's complaint.
The court determines that the plaintiff has acquired title by adverse possession to the First Parcel as set out in the plaintiff's complaint.
Judgment may enter in favor of the plaintiff accordingly with no costs awarded to either party.
Cremins, J.